### ARTHUR v. BLUNT.

1. EVIDENCE: PARTY AS A WITNESS. Where in the trial of a cause before §§ 3980, 3981 of the Revison of 1860 took effect, the defendant was called as a witness by the plaintiff, it was held that he was not thereby rendered competent as a general witness in the case, and that his counsel could only cross-examine him as to those matters called out in the examination in the chief.

*Appeal from Floyd District Court.*

WEDNESDAY, OCTOBER, 16.

ACTION by indorsee of promissory notes against the payee and indorser.

*Wiltse & Fairfield* for the appellant.

*M. McGlathery* for the appellee.

WRIGHT, J.—In his answer, the defendant after denying the matters contained in the plaintiff's petition, pleads a set-off. On the trial, the plaintiff to maintain his action, introduced the defendant as a witness. The defendants counsel after cross-examining him, as to those matters called out in

Arthur v. Blunt

the examination in chief, proposed to make him a general witness, and to prove by him "his part of the case." To this plaintiff objected, and the objection was overruled. The plaintiff then withdrew his action, and the defendant's counsel proceeded to examine him to prove his cross action, to which plaintiff objected. This objection was overruled, and the witness proceeded to state, as he had before, matters material to his recovery. These rulings are now assigned as error.

This trial took place in 1859, and the rulings were made under the law as it stood prior to the passage of §§ 3980–1, of the Revision of 1860. The testimony was clearly incompetent. Whatever credit the plaintiff gave to defendant by calling him as a witness, no different rule was to be applied to his examination, than if he was an ordinary witness. His counsel could only examine him as to those matters called out by the examination in chief. This is the plain, well understood rule, as applied to other witnesses, and the party when called is entitled to no other or greater privilege. 1 Greenl. Ev. 581, § 445.

Not only so, but a much stronger objection to the ruling in this case, is to be found in the fact, that the witness was allowed to testify as to his own set-off, after, as well as before, plaintiff had withdrawn his action. The set-off was not a *defense* to the plaintiff's claim. It was in effect defendant's action against plaintiff. He had a right to proceed upon it, notwithstanding the withdrawal of plaintiff's cause of action. (Code, § 1801.) He could not, however, against plaintiff's objection, become a witness in his own case, to prove his own set-off. As to this part of the case, he stood as though he had not been called by plaintiff.

Reversed.