## LANE & STANDLEY *v.* W. J. WHELESS & Co.

1. JUDGMENT — JURISDICTION — HIGH COURT OF ERRORS AND APPEALS NO POWER TO VACATE VALID JUDGMENT RENDERED AT A FORMER TERM. — After the expiration of the term at which a judgment of dismissal of a case for want of prosecution was rendered, the high court of errors and appeals had no jurisdiction to set aside, at a subsequent term, its judgment rendered at the former term, and such subsequent judgment is null and void.

2. SAME — SAME — VOID JUDGMENT MAY BE VACATED AT A SUBSEQUENT TERM OF THE COURT. — A judgment, void for the want of jurisdiction, may be set aside at a subsequent term, while a valid judgment cannot be.

3. SAME — SAME — SUPREME COURT SUBJECT TO SAME RULE. — The same rule, on this subject, applies to the supreme court as to other courts.

This is a motion by James Moore and G. W. Vasser to vacate the judgment rendered against them in this court on the 23d July, 1868. The history of the cause, as shown by the record, is this, viz. : W. J. Wheless & Co. recovered a judgment in the circuit court of Carroll county, at the October term, 1867, against Lane & Standley, upon which Lane & Standley sued out a writ of error, and gave a bond, in the usual form, with James Moore and G. W. Vasser, as sureties, in double the amount of the judgment. The writ of

error was taken to the April term, 1868. The writ of error was dismissed on motion of the counsel for Wheless & Co., and judgment rendered against Lane & Standley, for the costs. The court adjourned *sine die* on the 30th day of May, 1868. On the twelfth day of June ensuing a motion was entered of record to set aside the judgment of dismissal, made at the former term. At the special term of the court, in July following, a final judgment was rendered against Lane & Standley, principals, and James Moore and George W. Vasser, as sureties, on the writ of error bond.

*James Somerville*, for the motion,

Cited McComb v. Ellett, 8 Smedes & Marsh. 595 ; Sagory v. Bayless, 13 ib. 155 ; Fellows v. Griffing, 9 ib. 362 ; Hunter v. Carmichael, 12 ib. 726 ; Burch v. Scott, 1 Bland, 112 ; Easterling v. the State, 35 Miss.

*Geo. L. Potter, contra,*

Cited Roberts v. Edmundson, 4 Smedes & Marsh. 730.

PEYTON, C. J. :

At the April term of the high court of errors and appeals, 1868, upon the motion of the defendants in error, a judgment was rendered, dismissing the writ of error in this case, for the want of prosecution.

At the special July term of said court, 1868, upon motion of the defendants in error, the former judgment of the court, dismissing the writ of error for want of prosecution, was set aside, and the cause re-instated and a judgment rendered against the plaintiffs in error, Lane & Standley and Moore and Vasser, their sureties on the writ of error bond. And at the October term, 1868, of said court, the said defendants, Moore and Vasser, made the motion now under consideration, to set aside and vacate the last-mentioned judgment, for the want of jurisdiction in the court to render it. The judgment rendered at the special term in July, and which this motion seeks to have set aside, is absolutely null and void, for two reasons : 1st. For the want of juris-

diction of the subject-matter after the expiration of the April term, 1868, at which the judgment was rendered, dismissing the cause for want of prosecution, for it is well settled, as a general rule, that the judgment of a court of competent jurisdiction cannot be reversed or set aside in the same court, after the expiration of the term at which the judgment was rendered, for the obvious reason, that there should be an end of litigation, as expressed in the maxim, *Interest reipublicœ ut sit finis litium.* And the reason of the rule makes it as applicable to this court as to any other. 2d. For the want of jurisdiction of the persons sought to be affected by the judgment of the court. The doctrine is well established that, to render the judgment of a court of common law valid, the court must have jurisdiction both of the subject-matter and the person. The universal doctrine is, that a judgment rendered without jurisdiction is void. The want of jurisdiction in the court pronouncing it may always be set up, when it is sought to be enforced, or when any benefit is claimed under it, and the principle, which ordinarily forbids the impeachment or contradiction of a record, has no sort of application to the case.

This case, and the parties to it, had been out of this court from the April term, until the July term following, at which the defendants in error made their motion to set aside the judgment, which they had procured at a previous term, and without any notice, so far as the record shows, to the plaintiffs in error, or to Moore and Vasser, their sureties in the writ of error bond, had the former judgment set aside, the cause re-instated, and a new and different judgment immediately entered up against the plaintiffs in error, and their said sureties.

Even if the court had possessed the power after such a lapse of time, to bring back and resuscitate the cause, and render another and different judgment, it could not legally have been done without notice to the plaintiffs in error, and their sureties. For it is a salutary principle of law, which

has its foundation in natural justice, that no person is bound by any decree, judgment or judicial proceeding, of which he has no notice, except in a judgment or proceeding *in rem.*

For these reasons, the judgment rendered in the July term, 1868, is null and void.

Where this court has jurisdiction, and renders a judgment upon matters of law, that judgment cannot be set aside at a subsequent term.    But, where the court had no jurisdiction to render the judgment, it may be set aside at a subsequent term.    •

*The motion is therefore sustained.*