# CASES ARGUED AND DECIDED

IN THE

# SUPREME COURT OF MISSISSIPPI

AT THE

## OCTOBER TERM, 1877.

J. A. COTTEN ET AL. *v.* CATHERINE McGEHEE; J. B. WOLFE
ET AL. *v.* WILLIAM CRAWFORD, CLAIMANT.

1. SUPREME COURT. *Judgment not vacated at subsequent term.*
   The Supreme Court, as a general rule, cannot set aside its final judg-
   ment after the term at which it was rendered; and, in the absence of
   exceptional circumstances, a petition for reargument is too late if
   filed after the adjournment.

2. SAME. *Exceptional cases in which power exists.*
   The court may, however, revoke the judgment, if there has been a mis-
   conception of the case as made in the record, or if the court has not
   acquired jurisdiction over the defendant, or if the appeal has been
   improvidently taken while a motion to review was pending, or if the
   entry does not accord with the judgment intended to have been
   entered, or if it occurs from fraud, and perhaps for other causes.

3. SAME. *Notice of application.*
   The opposite party must have notice of such application, the final
   judgment having dismissed him from court.

THESE were motions to submit applications for reargument,
which had been filed in the case of *Cotten* v. *McGehee, ante,*
510, on June 11, 1877, and in the case of *Wolfe* v. *Crawford,*
*ante,* 514, on Oct. 10, 1877.

On June 4, 1877, the last day of the April Term, 1877, an
order was made giving seven days within which petitions for

reargument could be filed, in cases decided on that day. These cases having been determined May 21, 1877, did not fall within the order, and presented the question of the power of this court to review its own judgments of a prior term.

*Frank Johnston,* for the applicants.

The court has power to grant a reargument after the term. *Roberts* v. *Edmundson,* 4 S. & M. 730; *Erwin* v. *Vint,* 6 Munf. 267; *Kemp* v. *Squire,* 1 Ves. Sen. 205; *Anon.,* 1 Ves. Sen. 326; *Cunyngham* v. *Cunyngham,* 1 Ambler, 90; *Robson* v. *Cranwell,* 1 Dickens, 61; *Benson* v. *Vernon,* 3 Bro. P. C. 626; *Van Deventer* v. *Stiger,* 25 N. J. 224; 1 Bro. P. C. 326.

*Owen McGarr* cited the following additional authorities in support of the same point. *Ex parte Crenshaw,* 15 Pet. 119; *United States* v. *Gomez,* 23 How. (U. S.) 326; *White* v. *Tommey,* 4 H. L. Cas. 333; 12 Wheat. 10; *Jarvis* v. *Shaw,* 16 Abb. Pr. 415; *King* v. *Ruckman,* 7 C. E. Green, 551; *Fuller* v. *Little,* 61 Ill. 26; *Hollowbush* v. *McConnel,* 12 Ill. 203; *Wynn* v. *Wyatt,* 11 Leigh, 584; *Huntington* v. *Finch,* 30 Ohio St. 445; *Burkle* v. *Luce,* 1 Comst. 239; *Glover* v. *Foote,* 7 Blackf. 293.

No counsel *contra.*

SIMRALL, C. J., delivered the opinion of the court.

These cases have been submitted to us on petitions for rearguments, and involve the general question of the power of this court to revoke and set aside its judgments pronounced at a former term. We think that the correct rule was laid down in *Lane* v. *Wheless,* 46 Miss. 666. It was there said, " It is well settled, as a general rule, that the judgment of a court of competent jurisdiction cannot be reversed or set aside in the same court after the expiration of the term at which the judgment was rendered." It was further said, that " the reason of the rule makes it as applicable to this court as to any other."

Whatever be the ground of the application, the opposite party should have notice ; for the expiration of the term at which final judgment was rendered operated to dismiss the parties from the court, and to relieve them from taking notice of any after proceeding that might be instituted. In the case cited, it was held that a judgment setting aside the dismissal of

a cause in this court, at a former term, for want of prosecution, was void for want of jurisdiction.  The subject had been before this court twice before.  In *Roberts* v. *Edmundson*, 4 S. & M. 730, a judgment was rendered at the January Term, 1838, reversing the decree of the Chancellor, and dismissing the complainant's bill.  At a subsequent term, in 1839, a rehearing was applied for, and granted, revoking the judgment. The court said, "If it [the application] were placed on the ground of a mere error in law, or even if there was another remedy, it would be refused."  The decision is rested on the reason that the court was mistaken in material facts in the cause.  It would appear that there was a misconception of the case in its facts and objects.  The other case is *Wailes* v. *Johnson*, 25 Miss. 421, which was an application to modify the decree.  The court seemed to regard the power as doubtful, and forbore to express an opinion upon it, but denied the motion.

What exceptional circumstances will withdraw the case from the operation of the general rule?  In *Martin* v. *Hunter*, 1 Wheat. 304, Story, J., puts the conclusiveness of the final judgment of the Supreme Court on the ground that no act of Congress gave it power to revise its own judgments.  If the rehearing is predicated of the error of the court in matter of law, or in wrong conclusions on the facts, the court is precluded from recalling the judgment; for to do so would be for the very purpose of revising its former judgment.  In *Ex parte Crenshaw*, 15 Pet. 119, 123, the former decree was annulled, and the case restored to its former condition, because the court was led, by an accidental circumstance, into the error of supposing that Crenshaw had been cited to appear, when the truth was otherwise.  The court had no jurisdiction over the defendant.  In *United States* v. *Gomez*, 23 How. (U. S.) 326, an order docketing and dismissing an appeal was annulled, because the cause could not be removed into the Appellate Court by the appeal.  At the time it was taken there was pending and undecided in the court of original jurisdiction a motion for a review of the decree.  In *King* v. *Ruckman*, 7 C. E. Green, 551, 553, the case of *White* v. *Tommey*, 4 H. L. Cas. 333, is cited, as expounding

the practice of correcting, at a subsequent term, a judgment founded in fraud or mistake. The Lord Chancellor said that the cases cited were to the effect that a case once decided here between A. and B. is conclusively decided as to A. and B. The New Jersey court, after some discussion of the general power in the premises, and concurring in the rule enunciated by the Lord Chancellor, enumerates some of the exceptions. One is where the judgment does not conform to that intended and directed by the court, because of the misentry of the clerk, or of some other mistake, or where it is the result of fraud or misapprehension. But if there has been a hearing on the merits, and the judgment as entered on the minutes is in accordance with the views of the court, power to revoke it is gone with the expiration of the term.

A summary of the principles announced by these cases is, that if there has been a misconception of the case, as made in the record; or if the court has not acquired jurisdiction over. the defendant; or if the appeal has been improvidently taken while a motion to review was pending, whereby final decision has not been made; or if the judgment as entered on the record of the court does not accord with that intended to have been entered; or if it occurs from fraud, — then the court may interpose and revoke it. We do not say that there may not be other good cause not embraced in the authorities we have consulted and attempted to enumerate. If, however, the court has heard the case on its merits, and pronounced judgment, it is conclusive on the parties, and cannot, at a subsequent term, be opened, on suggestion then made, that the conclusions, either of law or fact, are erroneous.

The motions in the cases of *Cotten* v. *McGehee* and *Wolfe* v. *Crawford* must be denied, because the petitions for reargument were filed after the adjournment of the term at which the several judgments were rendered, and are not within the order of this court, made on the last day of its session, and do not rest upon any exceptional circumstances to withdraw them from the operation of the general rule.

*Motions denied.*