# HUGHES *v.* CUMMINGS *et al.*

*(Supreme Court of Colorado, January 4, 1884—Appeal from the District Court of Clear Creek County.)*

1. JURISDICTION—PRESUMPTION IN FAVOR OF ON COLLATERAL ATTACK —RULE APPLIES TO COUNTY COURT. The rule, that in collateral proceedings seeking to attack the judgment or order of a Court, when the record shows nothing to the contrary, jurisdiction over the person as well as the subject-matter will be presumed, applies to County Courts in this State.

2. SAME—SAME—ASSIGNEE. In a case where a Judge of the County Court, after the adjournment of the term, pursuant to section 78 of the Code (Sec. 75, Code of '77), made an order vacating a judgment, such order will be presumed to have been made upon notice, when attacked collaterally, nothing to the contrary affirmatively appearing in the record of the case. The fact that the judgment has been assigned will make no difference when such assignment does not appear in the record.

BECK, C. J. The controlling question presented by this record is, whether the District Court had the power, in a collateral proceeding, to pass upon the validity of an order made by the County Judge reinstating a certain cause upon the docket of the County Court.

If the District Court did not possess such power, it is immaterial, so far as the present action is concerned, whether the action of the County Judge was erroneous or otherwise. For if erroneous, the error can only be corrected in a direct proceeding.

This is an action upon an appeal bond, executed by the defendants in error to perfect an appeal from a judgment of a justice of the peace, to the County Court.

One Henry B. Beighley, recovered a judgment, before the magistrate, for the sum of two hundred dollars, and costs of suit, against the defendant in error, Owen Cummings.

From this judgment Cummings took an appeal to the County Court, but failing to prosecute his appeal, it was dismissed for want of prosecution, and for failure of the appellant to comply with a rule entered against him by the County Court, requiring payment of certain costs.

The complaint in the present action avers that said judgment was assigned by the plaintiff, Beighley, to Hughes, the plaintiff in error, on the same day on which the appeal was dismissed.

The defendants in error set out in their answer, by way of abatement of this action upon the appeal bond, an order of the County Judge reinstating the appeal upon the docket of the County Court, alleging in this connection that there was no final judgment in the cause so appealed, but that the same is still pending and undetermined in said County Court.

Plaintiff in error replied, averring, among other matters, that he is and has been the sole and exclusive owner of the

judgment from the day of the dismissal of the appeal, and that neither he, nor said Beighley, had notice of the institution of proceedings to reinstate the appeal.

To this replication the District Court sustained a demurrer, and gave judgment that defendants go without day.

This being a collateral action, the ruling of the District Court was correct, unless it appears from the records of the County Court that the latter Court acted without jurisdiction in reinstating the appeal. If the County Court can be said to have acted within its jurisdiction, the District Court had no power to either revise or nullify its action.

The order was made by the County Judge at chambers, seventeen days after the adjournment of the term at which the appeal was dismissed.

Statutory authority for such an order is found in section 75 of the Code of Civil Procedure (1877), which provides, among other things, that "the Court may  *  *  *  upon such terms as may be just, and upon payment of costs, relieve a party or his legal representatives from a judgment, order or other proceeding, taken against him through mistake, inadvertence, surprise, or excusable neglect; and when for any cause satisfactory to the Court, or the Judge at chambers, the party aggrieved has been unable to apply for the relief sought during the term at which such judgment, order or proceeding complained of was taken, the Court, or Judge at chambers in vacation, may grant the relief upon application made within a reasonable time, not exceeding five months after the adjournment of the term."

The rule applicable to the judgments and orders of courts of general jurisdiction is stated to be, that in collateral actions, when the record discloses nothing to the contrary, jurisdiction over the person as well as the subject matter will always be presumed. Wells on the Jurisdiction of Courts, Secs. 32, 37; *Baker* v. *Champlin*, 12 Ia., 204; *Housh* v. *The People*, 66 Ills., 181; *Wenner* v. *Thornton*, 98 Ills., 168.

In the leading case of *Peacock* v. *Bell*, 1 Saund., 74, the rule is thus stated: " Nothing shall be intended to be out of the jurisdiction of a superior Court but that which especially appears to be so, and on the contrary, nothing shall be intended

to be within the jurisdiction of an inferior Court but that which is expressly alleged."

This general rule, as qualified by the Supreme Court of the United States in *Galpin* v. *Page*, 185 Wall., 35, is, " That a superior Court of general jurisdiction, proceeding within the scope of its powers, is presumed to act rightly. All intendments of law in such cases are in favor of its acts. It is presumed to have jurisdiction to give the judgments it renders until the contrary appears. And this presumption embraces jurisdiction not only of the cause or subject matter of the action in which the judgment is given, but of the parties also. The former will generally appear from the character of the judgment, and will be determined by the law creating the Court, or prescribing its general powers. The latter should regularly appear by evidence in the record of service of process upon the defendant, or his appearance in the action. But when the former exists, the latter will be presumed."

This rule has been held applicable to the County Courts of this State, by former decisions of this Court. *Martin* v. *Force*, 3 Colo., 199; *Gomer* v. *Chaffee*, 5 Colo., 383.

The order of the County Judge, reinstating the appeal, is set out in the record before us; and while it does not show affirmatively that the requisite notice was given, we are not advised that the records of that Court contain anything to the contrary. The County Court clearly had jurisdiction of the subject matter, and in a collateral proceeding it must be presumed to have had jurisdiction of the parties also.

The position of the plaintiff in error, based upon decisions of the Supreme Court of California on a statute essentially different from our own, that jurisdiction to set aside a judgment, or to reinstate a cause, ceases at the close of the term, cannot be entertained without wilfully ignoring the statute above cited.

Equally untenable is the proposition that the County Court lost jurisdiction over its judgment, upon the filing and recording a transcript of the judgment rendered by the justice of the peace, in the office of the clerk of the District Court. The statute which authorizes such transcript to be so filed and recorded, specifies when and for what purpose the same may be done, viz., when the defendant has not sufficient personal prop-

erty to satisfy the judgment, and the plaintiff desires to have the same levied upon real property.

It is for this purpose that a judgment of a justice of the peace is given the effect of a judgment of the District Court.

In respect to the point raised by the plaintiff in error, that when a judgment has been assigned it cannot be legally vacated without notice to the assignee, it is only necessary to say, the point is not available in the present action. The jurisdiction of the County Court must be tested by its own record in collateral actions, and cannot be impeached by allegation merely. It does not even appear that there was any record in said Court of the assignment of the judgment, nor does it appear that the Court had any knowledge of the assignment.

Whatever relief the plaintiff in error may be entitled to receive must be sought in a direct proceeding to review the rulings and judgment of the County Court.

*Judgment affirmed.*

### ON PETITION FOR REHEARING.

HELM, J. We have examined carefully the exhaustive argument of counsel upon this application; but neither the reasons assigned nor the authorities cited warrant us in changing our views.

An effort was made to impeach the correctness of the record of a Court of general jurisdiction in a collateral proceeding. This Court has held, that unless the defect complained of appears on the face of the record itself, the judgment of such a Court is exempt from attack, save in a direct proceeding. The adoption of any other rule would render all judgments insecure, and result in the most disastrous consequences.

The District Court had no jurisdiction to try the issue made by the replication; therefore no error was committed in sustaining defendant's demurrer thereto.

*Rehearing denied.*

*C. C. Post & W. T. Hughes,* for plaintiffs in error.

*R. S. Morrison,* for defendant in error.