## HUGHES v. McCOY.

1. Under Code Civil Procedure, section 78, providing that "the court may, * * * after notice to the adverse party, allow upon such terms as may be just an amendment to any pleading, * * * and may, upon such terms as may be just, and upon payment of the costs, relieve a party, or his legal representative, from a judgment, * * * and the court or judge at chambers in vacation may grant the relief, upon application made, within a reasonable time;" and sections 397, 398, defining an application for an order as a motion, and requiring written notices of motions to be made in all cases except those made during the progress of the trial, an order reinstating a cause made and entered by a judge in vacation without notice to the adverse party is unwarranted.

2. Where a judge acting in a matter within his jurisdiction enters such order without notice he is not liable to the party aggrieved thereby, though the act was in excess of his jurisdiction.

*Error to District Court of Arapahoe County.*

THE plaintiff here was plaintiff below, and filed his complaint March 7, 1884, alleging that the said defendant was judge of the county court of Clear Creek county from January, 1877, to January, 1881, and during all that time was *ex officio* clerk of said court, and accordingly acted. That on September 15, 1877, one Beighley duly recovered a judgment against one Cummings before a justice of the peace of said county of Clear Creek for the sum of $206.55; from which Cummings appealed to said county court, and duly filed his bond therefor with the said justice. On December 9, 1878, the said Cummings having failed to file a transcript, and have said case docketed in the said county court, said Beighley advanced the docket fee in said county court, and caused the said transcript of said case from the said justice's docket to be filed, and the case to be entered on the docket of the said county court; whereupon the said county court entered a rule against the said Cummings that he refund the said docket fee so advanced on or before December 16, 1878. That notice of the rule was duly given to said Cummings. That said Cummings failed to comply therewith; whereupon the said appeal was duly and regularly dismissed by said court. After which *procedendo* duly issued in the case. Thereafter the said Beighley assigned and transferred said judgment for value to the said plaintiff, which said assignment was in writing, and was entered on the docket of the said justice. That said Cummings, as well as his counsel, had actual knowledge of said assignment. That afterwards, on December 28, 1878, an execution was duly issued by the said justice upon said judgment and duly delivered to the constable, and was afterwards by him returned

unsatisfied, for the want of property upon which to levy. That afterwards, on January 4, 1879, the said plaintiff commenced an action in the district court of said county of Clear Creek upon the said appeal bond of the said Cummings, and upon January 6, 1879, the obligors thereon were duly served with summons therein. That at that time there was no defense to the said action. That said obligors, their counsel, and the said defendant, county judge aforesaid, contriving, colluding, consorting, and conspiring how they could. make and set up a defense in said action in the district court, combined and confederated, and, intending to cheat and injure the said plaintiff as assignee of the said judgment as aforesaid, did collusively, corruptly, maliciously, and oppressively agree among themselves to reinstate the said case of *Beighley v. Cummings* in the said county court. That in pursuance of the said object the said defendant, as county judge aforesaid, on the night of January 13, 1879, after the close of the term at which the said judgment of dismissal had been entered and given, on the application of the said Cummings, made and entered of record an order as follows, to wit:

"STATE OF COLORADO, CLEAR CREEK COUNTY.

"*Henry Beighley v. Owen Cummings.*  (Appeal.)

"Now, at this day, the above-entitled cause coming on to be heard, upon the petition of the defendant, addressed to the judge of said court at chambers, praying for the reinstatement of the above-entitled cause, which was dismissed at the last term of this court by reason of the defendant's failure to comply with a rule of the court to pay the costs of the appeal, etc., and the judge at chambers being fully advised in the premises, from affidavits filed and after hearing arguments of counsel, etc., it is ordered that said cause be reinstated; that the order dismissing said appeal be set aside, and that the writ of *procedendo* issued by said county court in said cause to the justice of the peace, from which appeal was taken, be,

and the same is hereby, recalled and annulled; and that said cause be reinstated upon the trial docket in all respects as if said appeal had not been dismissed. And it is further ordered that the defendant comply with the original rule against him to pay costs of appeal and pay the costs of this proceeding. Given under my hand this 13th day of January, A. D. 1879.

"JOHN C. McCOY,
"Judge of County Court."

That at said time all the said parties had actual knowledge of the transfer of said judgment to the plaintiff; that said proceedings were had and said order made and entered without notice or knowledge to the said Beighley or the plaintiff, and without appearance by or for them, or either of them; that said defendant solicited a member of the bar of his court to appear in the said proceeding on behalf of the said Beighley, who refused so to do; that, on January 17, 1879, answer was filed in said action pending in the said district court, setting up the said order, and alleging that said action was undetermined and still pending in the county court, and consequently no liability on the bond sued on; that this was the only defense set forth in said answer; that the plaintiff replied to said defense and alleged therein the want of notice and jurisdiction of the said judge in the premises to make or enter said order; but, nevertheless, the said defense was held sufficient; that the obligors on said appeal bond in the meantime became insolvent, so that the plaintiff is unable to recover upon said bond; that by said proceedings he was defeated in his remedy in the premises. To this complaint the defendant demurred generally, and the said demurrer was sustained and judgment accordingly given for the defendant· and the plaintiff seeks reversal here on writ of error.

Mr. WM. T. HUGHES, for plaintiff in error.

Messrs. DECKER and YONLEY and WELLS, MACON and McNEIL, for defendant in error.

STALLCUP, C. Does the complaint show a right of action in the plaintiff against the defendant? By section 78 of the code of 1883 it is provided that "the court may likewise, upon affidavit, showing good cause therefor, after notice to the adverse party, allow, upon such terms as may be just, an amendment to any pleading or proceeding in any other particular, and may upon like terms allow an answer to be made after the time limited by this act, and may upon such terms as may be just, and upon payment of the costs, relieve a party, or his legal representatives, from a judgment, order, or other proceeding taken against him through mistake, inadvertence, surprise or excusable neglect; and when, for any cause satisfactory to the court or the judge at chambers, the party aggrieved has been unable to apply for the relief sought, during the term at which such judgment, order or proceeding complained of was taken, the court or judge at chambers in vacation may grant the relief upon application made within a reasonable time, not exceeding five months after the adjournment of the term." By section 49 it is provided that "from the time of the service of the summons in a civil action the court shall be deemed to have acquired jurisdiction, and to have control of all subsequent proceedings. A voluntary appearance of a defendant shall be equivalent to personal service of the summons upon him." By section 397 it is provided that "every direction of a court or judge made or entered in writing, and not included in a judgment, is denominated an order. An application for an order is a motion." And by section 398 it is provided that "motions shall be made in the county in which the action is brought, or, if at chambers, in any county in the same district. Written notices of motions shall be required in all cases except those made during the progress of a trial." The authority vested in the judge to grant relief from judgments is found in said section 78. It will be seen that the language of this section is peculiar in specifically referring to notice as a prerequisite in allowing

amendments, etc., and in not referring to notice as a prerequisite in granting relief from judgments, and by this the judge may have been misled. The judge, having proceeded to grant the relief without notice, doubtless determined as judge that notice was not necessary to warrant his action in the premises. In such determination the judge misinterpreted the law, and the order made and entered by him in the premises was unwarranted. *Lane v. Wheless*, 46 Miss. 666; *Hettrick v. Wilson*, 12 Ohio St. 138; *Nuckolls v. Irwin*, 2 Neb. 66; *Mulvey v. Carpenter*, 78 Ill. 586; *Gruner v. Moore*, 6 Colo. 527; *Hughes v. Cummings*, 7 Colo. 141. As to whether the judge's acts under the said provisions of our code were simply erroneous, or were in excess of his jurisdiction, we need not, and therefore do not, determine. It is evident that he was acting as judge in the premises, and by virtue of the statute mentioned was so acting in a subject-matter of which he had jurisdiction. According to the weight of authority, such judge so acting is not liable to the party aggrieved thereby, even if the acts so done were in excess of his jurisdiction, as excess of jurisdiction is distinguished from entire want thereof. *Lange v. Benedict*, 73 N. Y. 12; *Bradley v. Fisher*, 13 Wall. 335, 351, 352; Cooley, Torts, 419. In Mr. Cooley's work on Torts, where the subject of immunity of judicial officers from private suits is treated, the law is stated as follows: "Whenever, therefore, the state confers judicial powers upon an individual, it confers with them full immunity from private suits. In effect, the state says to the officer that these duties are confided to his judgment; that he is to exercise his judgment fully, freely, and without favor, and he may exercise it without fear; that the duties concern individuals, but they concern more especially the welfare of the state, and the peace and happiness of society; that, if he shall fail in a faithful discharge of them, he shall be called to account as a criminal; but that in order that he may not be annoyed, disturbed and impeded in the performance

of these high functions, a dissatisfied individual shall not be suffered to call in question his official action in a suit for damages. This is what the state, speaking by the mouth of the common law, says to the judicial officer." And in the -case of *Bradley v. Fisher, supra,* Justice Field, in delivering the opinion of the court, uses the following language: "The principle, therefore, which exempts judges of courts of superior or general authority from liability in a civil action for acts done by them in the exercise of their judicial functions, obtains in all countries where there is any well-ordered system of jurisprudence. It has been the settled doctrine of the English courts for many centuries, and has never been denied, that we are aware of, in the courts of this country. It has, as Chancellor Kent observes, 'a deep root in the common law.'" It has been determined by this court that our county courts are courts of superior or general authority. *Hughes v. Cummings,* 7 Colo. 141. In the complaint in this case it will be observed that the judge is charged with having acted maliciously and corruptly in the premises. The decided weight of authority, as well as the better reasoning, sustain the proposition that the motives with which he acted cannot be so called in question. And in the said opinion just quoted from the law is declared upon this particular point as follows: "Nor can this exemption from civil liability be affected by the motives with which their judicial acts are performed. The purity of their motives cannot in this way be the subject of judicial inquiry." The court was right in sustaining the demurrer to the complaint. The judgment should be affirmed.

De France, C., concurs in the conclusion. Rising, C., dissenting.

Per Curiam. For the reasons assigned in the foregoing opinion the judgment of the court below is affirmed.
*Affirmed.*