## M. A. JONES *v.* S. B. HERVEY.

CHANCERY. *Practice. Pro confesso.*
> Where process is returnable before the clerk at rules the defendant has
> until the next succeeding monthly rule day to plead, although a term of
> court may intervene. Code 1880, § 1889.

FROM the chancery court of Yalobusha county, second district.
HON. J. G. HALL, Chancellor.

Appellee, Hervey, filed a bill against the appellant, M. A. Jones,
to enforce a vendor's lien. Process was issued, returnable before
the clerk at rules, September 3, 1888, and was duly executed.
More than five days afterward, before the next succeeding monthly
rule day, to wit, on the 17th day of September, a regular term
of the chancery court in said county began. On the third day of
the term a decree *pro confesso* was taken against the defendant and
a final decree was entered, from which defendant appeals.

*Chapman & Lowe*, for appellant.

The process being returnable at rules, by the plain provisions of
§ 1889 of the code, the defendant was entitled to plead, answer, or
demur by the next succeeding rule day, October 8.

The fact that a term of the court intervened is immaterial. It is
true every day in term time is a rule day, but it is not a " monthly

rule day." Here defendant had until the next monthly rule day to plead.

The statute is plain, and there is no room for construction. *Koch* v. *Bridges*, 45 Miss. 247. The decree being prematurely entered, must be reversed. *Davis* v. *Patty*, 42 Miss. 509 ; *Betts* v. *Baxter*, 58 Miss. 333.

It is evident that the court granted the *pro confesso*, and returned the final decree under a misapprehension of the facts as to the process.

Campbell, J., delivered the opinion of the court.

As the process for the defendant was returnable before the clerk at rules on the first Monday of September, which was a rule day in vacation, it was erroneous to render a decre against the defendant, who was allowed until the next monthly rule day to plead, demur, or answer. Code, § 1889.

*Reversed and remanded.*

