JNO. K. NUTT, ADMINISTRATOR ET AL. *v.* SARGENT P. KNUT.

RES ADJUDICATA.  *Second appeal.*

> Where the supreme court reversed a decree in defendant's favor and adjudged complainant entitled to recover a certain per centum of money received by defendant and remanded the case for an accounting, the judgment is conclusive on a second appeal of complainant's right to recover.

FROM the chancery court of Adams county.

HON. WILLIAM P. S. VENTRESS, Chancellor.

Knut, appellee, was complainant, and Nutt and others, appellants, were defendants in the court below. From a decree in complainant's favor, the defendants appealed to the supreme court.

The case was heretofore in the supreme court, and the former decision is reported. *Knut* v. *Nutt,* 83 Miss., 365. It was decided on the first appeal that Knut, the present appellee, was entitled to one-third of the sum recovered for the estate of Haller Nutt, deceased, from the United States of America, through his services. After the case went back to the chancery court, Knut, appellee, filed a motion to refer the claim to a commissioner to state the amount due him. The cause was referred to a commissioner, who filed the account with his report, showing a balance due appellee, Knut, of $22,106.42. There was a final decree confirming this report and ordering that the administrator pay to Knut, appellee, the sum of $22,143.30, from which this appeal is prosecuted. The first assignment of error is set out in the opinion of the court. The only other assignment of error was that the decree rendered was erroneous in ordering the sum of $22,143.30 paid to Knut when the account of the commissioner appointed to take the account showed that only $22,106.42 was due him.

*Brown & Martin,* for appellants.

*Catchings & Catchings,* for appellee.

CALHOON, J., delivered the opinion of the court.

The first assignment of error is in these words: "First—The court erred in refusing to dismiss the petition of appellee, and in rendering any decree whatever in favor of appellee against John K. Nutt, administrator d. b. n. c. t. a. of estate of Haller Nutt, deceased." We cannot consider this, nor entertain the attempted appeal as to it, as we are without jurisdiction. It is an effort to relitigate an adjudicated controversy.

Heretofore, in this same case, with the same parties, in the same court from which comes the present attempted appeal, the petition referred to in the foregoing assignment of error was dismissed and appeal taken. On that appeal (*Knut* v. *Nutt et al.,* 83 Miss., 365, s. c., 35 South., 686) this court reversed that decision, sustained the petition of S. P. Knut, and ordered a final decree here as follows: "Reversed and decree here that S. P. Knut is entitled to his prayer for $33\frac{1}{3}$ per centum of the amount collected by the administrator ($89,-993.83) in full for any advances made by him and all services rendered, and remanded for account to be taken accordingly, and for order that any balance of this per cent unpaid be paid to him by the administrator. Costs of both courts to be taxed on appellees."

The final decree here, according to this order, was entered on December 7, 1903, and the term expired March 6, 1904, and we are powerless now to change the law of the case pronounced at that term, even if we doubted its correctness, which we do not. So, as to that, there can be, and therefore is, no appeal pending. There was no motion for rehearing, nor suggestion of error presented. B. & A.'s Dig., 673, clause 49 *et seq.,* citing *Le Blanc* v. *Railroad Co.,* 73 Miss., 463, s. c., 19

South., 211; *Lane* v. *Wheless,* 46 Miss., 666; *Cotten* v. *McGehee,* 54 Miss., 621.

In accordance with the mandate of this court, the court below proceeded to do all it could do, and that was to have an account taken and order the balance to be paid by the administrator to S. P. Knut. In doing this there was, on the face of the record in the present appeal, manifest error, by clerical misprision or inadvertence no doubt, in that the decree was rendered for $36.88 too much. It apparently should have been for $22,106.46, but was for $22,143.30, and this slight discrepancy is the basis of the second assignment of error, which is well taken, and for this the decree below is reversed, and we order a decree here for $22,106.46 against John K. Nutt, administrator *de bonis non cum testamento annexo* of the estate of Haller Nutt, deceased, in favor of S. P. Knut, and that the costs of this appeal be taxed against S. P. Knut, the appellee.