[No. 6498.]

## CASSERLEIGH v. MALONE.

1. **Receiver—Power of the Court Over—**A receiver is an officer of the court by which he is appointed, and the court may, by suitable orders, arrange and provide for the employees and counsel to be retained by him, and for their compensation. —(600)

2. **Judge—Immunity from Private Action—**A judge is not liable in damages to private parties for an order made by him officially, in a matter of which the court in which he presides had jurisdiction to promulgate such order, and had jurisdiction of the person commanded to act. Malice and corruption on the part of the judge affects no change in the rule. Whether, in making the order, the judge acted correctly or not, is not to be determined in an action against him for malice and corruption, in the making thereof.—(601)

*Error to Denver District Court*—Hon. HARRY C. RIDDLE, Judge.

Mr. DUNCAN McPHAIL for plaintiff in error.

Mr. WILLIAM H. MALONE and Mr. JOHN F. SHAFROTH for defendant in error.

Mr. JUSTICE HILL delivered the opinion of the court:

The plaintiff in error was the plaintiff in the court below. Eliminating many immaterial and surplusage parts, the substance of the complaint is, that plaintiff had previously obtained a judgment in said court for upwards of $39,000 and costs; that said judgment was declared to be a lien upon certain property; that the defendant in this action was one

of the duly elected, qualified and acting judges of said district court; that upon the motion and application of this plaintiff in said former suit this defendant as such judge did appoint Robert H. Latta as receiver in said cause to take possession of and preserve the property of the defendants therein, etc.; that the said Latta duly qualified and entered upon the performance of his duties as such receiver; that there came into his hands as such $600 of the property of said defendants; that during all of this time one Thomas W. Lipscomb was a practicing attorney; that plaintiff had employed him as such on one or two occasions to act for him in such capacity, but had made full settlement of their accounts and had paid him in full for said matters, was never indebted to him thereafter, and that he at no time plead or made any claim against the plaintiff, nor in said court, nor before said Latta, receiver, etc.; that subsequently, without any claim being filed in this court by Lipscomb or any one else, and without notice or process, and without authority over plaintiff, or his said receiver, Latta, or the subject-matter, or within any matter pending before him for hearing, the said defendant Malone sent a bailiff to plaintiff, requesting that he come to court; that in obedience to said request he appeared in court; that on his appearance there he found said receiver, Latta, present in the court, at which time the court charged the plaintiff with having obtained money from the said receiver, and converting it to his own use; that plaintiff demanded to be heard, but the said defendant refused to hear him, and did then and there command that plaintiff and his said receiver, Latta, pay, at once, to said Lipscomb the sum of $100 and carry the same to him at a hospital, a distance of perhaps one mile from said court, and make the delivery within one hour, following this the defendant said, "I

will have no quibbling about this matter. Thomas Lipscomb is in the hospital, on what may be his death bed, you pay to him one hundred dollars within an hour, or I shall do something without delay.'' It was then alleged that upon account of fear of his personal liberty at the order of the court, they complied therewith.

Plaintiff further alleges that on the same date the said defendant, Malone, while pretending to act as judge, made the further statement to the plaintiff, ''Casserleigh, you and some lawyer obtained one hundred and twenty-five dollars through an order issued by this court a few days ago; by representing to the court that it was to be paid to Thomas W. Lipscomb as attorney fees; what did you do with that money?'' That plaintiff, in answer to the defendant, stated, ''I paid my debts with that money but I never obtained it under the pretense that I would pay it to Thomas Lipscomb, as attorney fees, and further I did not owe Lipscomb then and am not now indebted to him in any amount whatever.''

Plaintiff further alleges, that the said order or command was made by the defendant without any other notice or any service of process, and without any opportunity to be heard, or to make any defense, and after refusing the plaintiff an opportunity to be heard, and without having obtained jurisdiction of the subject-matter of the alleged or pretended claim of Lipscomb, or of either this plaintiff or said Latta, or of the fund in the hands of said receiver, on whom the said order was pretended to have been made; that the said defendant, subsequently, for the purpose of giving a false color to the jurisdiction of his acts, did cause to be spread upon the records in said case an order commanding the said receiver, Latta, to pay from out of the funds then in Latta's possession as receiver, $100 to Thomas W. Lipscomb

and charge the same to Casserleigh, the plaintiff; that said act was without notice to plaintiff and without jurisdiction, for the reasons set forth; that said Latta gave the $100 to the plaintiff Casserleigh, which he was compelled to pay Lipscomb for reasons aforesaid, which $100 Casserleigh was entitled to have applied in satisfaction of his judgment, and to his damage in the sum of $100.

A motion to strike the complaint from the files and for judgment on the pleadings was sustained. The plaintiff has brought the cause here for review upon error.

The motion was based upon the complaint and upon the records and files in the other suit referred to. Eliminating the question of whether it was proper to consider the records and files in other cases in the same court in connection with this motion, we think the court right in its rulings thereon.

The complaint shows that the defendant Malone was, at the time mentioned, a duly elected, qualified and acting judge of said court; that the receiver in the original action was appointed, by him, upon the application of this plaintiff, and the court's right to do so is in no way challenged.

It is further shown that the receiver had qualified and was in the performance of his duties as such at the time the order was made, which was against the receiver commanding him to make this payment to the attorney. He was an officer of the court which appointed him, and under its jurisdiction, the court had the right, by suitable orders, to arrange and provide for other matters pertaining to the duties of the receiver, the employees to be retained by him, including those of counsel, and to provide for the compensation of all such. At the time this order was made the receiver was in court. It is not stated in the complaint that he made any

objections to the court's proceeding in this matter, nor in his compliance therewith. It is not stated the kind of notice that was served upon the plaintiff; whatever it may have been, it answered its purpose, and he was likewise in court at the time the order was made, although it did not run against him. Besides, from statements made by the court, it appears that this order was made because the plaintiff had failed to do what the court said he agreed to when he secured a former order of the court under which the court claims he had received certain moneys from the receiver. In any event, the complaint shows that the defendant in error was not only pretending to act as a judge of the district court, in a matter which he claimed to have jurisdiction, but it shows that he was acting as the judge of the court in a case where he had jurisdiction over both the party who was commanded to act, and the subject-matter to be affected, to wit, of the receiver, and the money in his hands.

Whether the judge acted correctly or not is not here for review, and could not be in this action; that can only be determined when properly brought here for review, and not by an independent action against the judge as an individual. The allegations that he acted maliciously and corruptly in the premises, if sufficient as pleading those facts, will avail the plaintiff nothing. It is well settled in this jurisdiction that judges of district courts are not liable in damages for official acts, at the suits of private parties, and their motives cannot in this way be the subject of judicial inquiry.—*Hughes v. Cummings et al.,* 7 Colo. 141; *Hughes v. McCoy,* 11 Colo. 591; *Terry v. Wright et al.,* 9 Col. App. 11.

The judgment will be affirmed.     *Affirmed.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE GABBERT concur.