PATTERSON, Presiding Justice.
Ms. Madeleine Celine Leigh appeals from a decree (April 16, 1974) of the Chancery Court of Hancock County wherein Manard G. Deas and his wife, Mary, were held to be the owners of certain real property situated in that county. She relies upon a former decree (July 1, 1969) of the same court adjudicating her to be vested with a substantial portion of the same property for her title. The issue is whether the court correctly set aside the earlier decree and determined title by the latter.
On April 11, 1969, Madeleine Celine Leigh, appellant, and her husband filed suit to cancel clouds on their title to 5.44 acres in the southeast quarter of the southwest quarter (SE 14 of SW(4) of Section 35, Township 8 South, Range 15 West, Hancock County, Mississippi. The Appellees, Manard Deas and wife, together with Max H. Stone, Trustee for the Farmers Home Administration, and Mildred Ott were named defendants. Process was personally served on Manard Deas and wife on April 20, 1969, returnable to the May rule day, the second Monday of May.
The bill of complaint was later amended to designate the appellant the sole complainant, her husband having died, and to substitute the United States as a party defendant for the Farmers Home Adminis *1287 tration and its trustee. The court’s amendment order directed “ . . . that copies of the original and amended bill of complaint be served on the United States as set out in the proposed amendment, and that a copy of the amended bill of complaint be served on defendant, Mildred Ott, by mailing a copy thereof to Honorable Gerald C. Gex, her attorney of record at Bay St. Louis, Mississippi.” There is no indication whether the appellees did, or did not, have copies of the bill of complaint prior to its amendment.
The amendment substituting the parties did not alter the original claim and the United States of America and Mildred Ott promptly filed their answers. On June 17, 1969, the second Tuesday of the regular June Term, a motion for a decree pro con-fesso was sustained against Manard G. Deas and Mary, his wife, and the cause was set for trial in vacation on July 1, 1969.
A final decree adjudicating the appellant to own the property described in the complaint was signed by the chancellor on July 1, 1969, after trial. Thereafter, on February 13, 1970, and March 26, 1971, writs of possession were issued directing that the appellant ■ be placed in possession of the subject property. Apparently, the first writ was not served on Manard Deas and his wife, but their testimony reveals they had notice of the second.
The first pleading of Manard and Mary Deas was filed on August 26, 1971. This was a “Motion to Quash Writ of Possession and Set Aside Decree.” On September 8, 1971, the motion was sustained and the decree of July 1, 1969, and the writs of possession were set aside. An appeal to this Court from the order of September 8, 1971, was granted Ms. Leigh. On September 17, 1971, the Deas filed their answer to the original and amended bills of complaint and also a cross-bill against the appellant. The appeal from the order setting aside the final decree of July 1, 1969, was dismissed for lack of jurisdiction by this Court since bond was not filed within thirty days as provided by Mississippi Code Annotated section 11-51-7 (1972). Leigh v. Deas, 267 So.2d 318 (Miss.1972).
Ms. Leigh did not answer the cross-bill and after the appeal was dismissed, declined to participate in the trial on her amended bill of complaint, the answer of the Deas, and their cross-bill. A final decree was entered on the trial’s conclusion April 16, 1974, vested title in the Deas by adverse possession to 4.97 acres of the 5.44 acres in litigation. The land descriptions of the decrees used different base lines, courses and distances. However, a comparison of the exhibits reflects the decrees of July 1, 1969, and April 16, 1974, encompass substantial portions of the same property.
The appellant asserts that the trial court erred in vacating the final decree of July 1, 1969, because the court had no authority after the expiration of the term to set it aside. She contends that the decree can only be corrected, after the term expires, by an appeal or by a bill of review and indeed, absent fraud or jurisdictional questions this appears to be the general rule. Carter v. Kimbrough, 122 Miss. 543, 84 So. 251 (1920); LeBlanc v. Ill. Cent. R. Co., 73 Miss. 463, 19 So. 211 (1896); Lane & Standley v. Wheless & Co., 46 Miss. 666 (1872); Cole v. Miller, 32 Miss. 89 (1856); and Sagory v. Bayless, 13 Sm. & M. 153 (Miss.1849). See also Griffith, Mississippi Chancery Practice, Section 621 (2d Ed. 1950).
The July 1, 1969, decree was entered in vacation pursuant to a term order setting the cause for hearing on that date. This was authorized by Mississippi Code Annotated section 9-5-91 (1972). No appeal was taken from the decree and of course the time for such has long since elapsed. A bill of review was barred by the two-year statute of limitations when the first *1288 pleading was filed on August 26, 1971. Miss.Code Ann. § 11-5-121 (1972).
The appellees contend, however, that the decree (July 1, 1969) was void as to them because (1) the decree pro confesso and the final decree were entered prior to the time their answer was due,, and (2) a copy of the amended bill of complaint was not served upon them.
The appellees were personally served with process on the original bill of complaint on April 20, 1969, returnable to the May rule day, the second Monday of May. The regular term of the Chancery Court of Hancock County began on the second Monday of June 1969. The intervention of the regular term of court is the premise for the contention that the answer was not due until the second Monday of July, the first rule day next succeeding that to which the process was returnable.
The case of Jones v. Hervey, 66 Miss. 99, 5 So. 517 (1888), is cited by the appel-lees in support of their thought that the intervention of the June term of court abated the due date of their answer until the rule day next following the term of court. It is noted, however, that the Court in Hervey, supra, was construing Section 1889, Mississippi Code of 1880, which provided that process returnable to a rule day required the defendant to answer or demur on or before “the monthly rule day next succeeding that at which such process .” is returnable. This provision remained constant in succeeding codes until it was amended by Chapter 299, Mississippi General Laws (1942). Mississippi Code Annotated section 1286 (1942) [now Section 11-5-17 (1972)] provides that “the defendant shall answer or demur on or before the second Monday of the month next succeeding that at which such process is returnable . . ..”
Application of the latest statute made the answer due on or before June 9, 1969, because it was “the second Monday of the month next succeeding” the return day of the process. The original and amended bills of complaint stated a cause of action and since no answer had been filed on or before the due date, the complainant was entitled to a decree pro confesso the following day of the term. The cause of action was then triable. Mississippi Code Annotated section 11-5-67 (1972) provides in part:
Causes triable — when.
When the summons has been made returnable to a rule day, the cause shall be triable on any day of a term, regular or special, after the due date of the answer or answers.
The July 1, 1969, decree was entered subsequent to a hearing in open court on the bill of complaint, the answers of the other defendants and the decree pro confesso taken against Manard Deas and his wife Mary. It was a final decree terminating the litigation and not subject to being set aside by a motion to quash filed more than two years later unless it can be found that the appellees were entitled to additional notice because of the substitution of parties by the amendment to the bill of complain.
Mississippi Code Annotated section 1304 (1942) in effect at the material times herein [now Section 11-5-57 (1972)] provides as follows:
The complainant may amend his bill as of course, without applying to the court, at any time before the defendant has made defense, upon complainant paying the costs of furnishing a copy of the amendment to such of the defendants as have taken out copies of the original bill, and of notice of the amendment to be served on all of the defendants. In all other cases, amendments can be made only by leave of the court, or the chancellor in vacation, and upon such terms *1289 as the court or chancellor may impose.
(Emphasis added.)
The amendment to the bill of complaint merely substituted parties to the suit and was in accord with the court’s order. As mentioned, the amendment did not alter the theory of the appellant’s claim in any manner from which the appellees could be prejudiced. Copies of the amended complaint were served upon Mildred Ott, who had taken copies and answered the original bill of complaint and the United States. There was nothing to reflect that Manard Deas and wife had taken copies of the original bill of complaint. Their testimony admits the service of process and their response to it was talking with the chancery clerk of the county who advised that one of the complainants had died and they would have to wait until further notice. In our opinion this advice, which could have been misleading was not sufficient to overcome the clear direction of the summons for the defendants “to plead, answer, demur to the bill to cancel clouds on title.”
Under these circumstances we conclude that the appellees were not entitled to notice additional to that which they had previously received and ignored. Their loss, if any, results directly from their failure to respond to the process of the court and waiting more than two years after a final decree adjudged against them before making a belated response.
The case is reversed and judgment rendered here setting aside the decree of April 16, 1974, and reinstating the final decree of July 1,1969.
REVERSED AND RENDERED.
GILLESPIE, C. J., INZER, P. J., and SMITH, ROBERTSON, SUGG, BROOM and LEE, JJ., concur.
WALKER, J. took no part.