KITCHENS, Justice,
concurring in part and in result:
¶ 17. I agree with the majority’s analysis and result regarding the unconstitutionality of Mississippi Code Section 41-7- *721 201 (Rev. 2011). However, I cannot distinguish the statute at issue in the instant case from the Legislature’s impermissible bestowal of jurisdiction upon this Court under Mississippi Code Section 71-3-51 (Rev. 2011), which allows for the direct appeal of the decisions of the Mississippi Workers’ Compensation Commission to this Court. In neither instance is this Court exercising “jurisdiction as properly belongs to a court of appeals.” Miss. Const., art. 6, § 146.
¶ 18. A hearing conducted for the purpose of reviewing a certifícate of need application allows for the “questioning of persons who make relevant factual allegations concerning the proposal,” and all those testifying are required to be placed under oath. Miss.Code Ann. § 41-7-197(2) (Rev. 2009). Parties have a right to counsel at the hearing. Id. A record of the proceedings is made, including a transcript of all adduced testimony and all documents introduced into evidence by an interested person. Id. Likewise, hearings conducted by the Mississippi Workers’ Compensation Commission are conducted “in such manner as best to ascertain the rights of the parties.” Miss.Code Ann. § 71-3-55(1) (Rev. 2011). Hearings before the Commission are “open to the public” and “steno-graphically reported or recorded and transcribed.” Miss.Code Ann. § 71-3-55(2) (Rev. 2011). I find the nature of the these proceedings indistinguishable, as both are “imbued with some indicia of a court of record.” Johnson v. Sysco, 2011-WC-01086-SCT (¶ 8) (Miss. May 5, 2011) (Kitchens, J., dissenting). However, as I noted in Johnson v. Sysco, the final orders of these agencies are “not decisions rendered ‘by a court clothed with judicial authority and acting in a judicial capacity.’ ” Id. (quoting Illinois Cent. R.R. Co. v. Dodd, 105 Miss. 23, 61 So. 743 (1913)).
¶ 19. I am not persuaded that the final orders of either of these agencies constitute judicial decisions, as a “[j]udicial decision is the application by a court of competent jurisdiction of the law to a state of facts proved or admitted to be true, and a declaration of the consequences which follow.” Le Blanc v. Illinois Cent. R. Co., 73 Miss. 463, 19 So. 211, 212 (Miss.1896) (emphasis added). Thus, I reiterate that the Legislature, in its enactment of Sections 41-7-201 and 71-3-51 has, in direct conflict with our state Constitution, bestowed original jurisdiction upon this Court over direct appeals of the decisions of the State Department of Health and the Mississippi Workers’ Compensation Commission. In reviewing the final orders of both the State Department of Health and the Mississippi Workers’ Compensation Commission, this Court becomes “the first, last, and only court to pass upon” these cases. Johnson, 2011-WC-01086-SCT (¶9). Because I discern no distinction between the unconstitutional conveyance of original jurisdiction provided in both statutes, I cannot fully join the majority’s analysis.
WALLER, C.J., CARLSON, P.J., AND CHANDLER, J., JOIN THIS OPINION.