.No. 9593.

## McPHAIL v. WYAND ET AL.

1. JUDGES—*Not Personally Liable for Damages for Error in Judgment.* Action for damages against a county judge and others for conspiracy to bring about the arrest and conviction of plaintiff for the violation of a city ordinance concerning the licensing of dogs. *Held,* that when it appeared by the complaint that defendant was charged with personal liability for error in judgment while acting as judge, the case was properly dismissed.

*Error to the District Court of the City and County of Denver, Hon. John A. Perry, Judge.*

Mr. DUNCAN McPHAIL, *Pro se.*

No appearance for defendants in error.

Mr. Justice Teller delivered the opinion of the court.

PLAINTIFF in error, in the year 1912, was convicted in the county court of violating a city ordinance which required the owners of dogs to secure licenses therefor. The judgment was reversed in this court upon the ground that the city failed to prove that notice was given to the defendant as required by the ordinance, which notice we held to be necessary, before the payment of a license fee could be enforced.

Defendant in error Class was the acting judge of the county court at the time of the trial, and pronounced sentence on the plaintiff in error. After the determination of the case in this court, plaintiff in error brought suit against the several defendants in error for damages, alleging in his complaint that they had conspired to bring about his arrest and conviction.

The trial court sustained a demurrer to the fourth amended complaint, interposed by defendant Class. The next proceeding shown by the record is an order for a judgment of dismissal of the action as to Class. What became of the action as to the other defendants does not appear, though they are made defendants in error here.

The theory of plaintiff in error, as disclosed in his brief, is that in trying him and imposing sentence, Judge Class acted without jurisdiction, and was therefore a trespasser. Plaintiff in error treats the reversal of the judgment of conviction as equivalent to a holding that the County Court was without jurisdiction. Plainly such is not the case. The reversal was because of an irregularity, or error occurring in the trial, and not because there was any want of jurisdiction, either of the subject-matter, or of the person of plaintiff. That being so, when it appeared by the complaint that defendant Class was charged with personal liability for error in a judgment entered by him while acting as a judge, the judgment of dismissal was proper.

Finding no error in the record, the judgment is affirmed.

Chief Justice Garrigues and Mr. Justice Burke concur.