Fred STEIN, Petitioner,

v.

J. T. WILLINGHAM, Warden, United States Penitentiary, Leavenworth, Kansas, Respondent.

No. L–9.

United States District Court
D. Kansas.

Jan. 25, 1967.

Fred Stein, in pro. per.

No appearance for respondent.

## MEMORANDUM AND ORDER DENYING PETITION

WESLEY E. BROWN, District Judge.

There has been filed with the clerk of this court a petition for a writ of habeas corpus signed and verified by FRED STEIN; the filing fee has been paid. The court, after examining the papers so filed makes the following findings and order.

It appears from the petition that Stein is currently in the custody of respondent under or by color of the United States and is serving a sentence imposed by the United States District Court, Central Division, for the Southern District of California, following a plea of not guilty and conviction by a jury. The conviction was affirmed on appeal. See Stein v. United States, 271 F.2d 895 (9th Cir. 1959), cert. denied, 362 U.S. 950, 80 S.Ct. 860, 4 L. Ed.2d 868. [Petition, ¶¶ 1, 2, 5, 6, 7, 8].

The grounds on which petitioner bases his allegation that he is being held in custody unlawfully may be summarized thus:

(a) that Count I of the Indictment is fatally defective, for failing to charge an essential element of the offense under 21 U.S.C. § 174, knowledge that the narcotics were imported into the United States contrary to law;

(b) the conviction under the remaining counts, III, IV, V, and VI are invalid, because all evidence introduced by the government in support of these counts was introduced under the invalid Count I.

Petitioner raised the identical grounds herein in a motion to vacate un-der 28 U.S.C. § 2255 in the sentencing court. It was denied without hearing, and the denial was affirmed on appeal. See Stein v. United States, 313 F.2d 518 (9th Cir. 1962).

28 U.S.C. § 2255 provides, in part, as follows:

"An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

Petitioner does not contend his remedy in the sentencing court is inadequate or ineffective. Neither do any facts appear which would support that allegation. "Failure to obtain relief under § 2255 does not establish that the remedy so provided is either inadequate or ineffective." Overman v. United States, 322 F.2d 649 (10th Cir. 1963) (per curiam). Habeas corpus is not an additional, alternative, or supplemental remedy to the relief afforded by a § 2255 motion in the sentencing court. See Williams v. United States, 323 F.2d 672 (10th Cir. 1963) (per curiam); Barkan v. United States, 341 F. 2d 95 (10th Cir. 1965) (per curiam). Numerous decisions of this Circuit have upheld the exclusiveness of the § 2255 motion, absent a showing of its inadequacy or ineffectiveness. Petitioner's contentions herein were fully aired before the Ninth Circuit. The fact that a different rule of law may obtain in this Circuit concerning the validity of the indictment he seeks to attack does not diminish the adequacy or effectiveness of his remedies under § 2255. We do not sit to review the findings of the Ninth Circuit Court of Appeals, and petitioner, who has fully prosecuted his § 2255 motion therein, may not appeal therefrom to this court. We shall not presume to find petitioner's rights inadequately protected or determined from a mere conflict of laws.

The court concludes that petitioner is not entitled to a writ of habeas corpus or an order to show cause why one should not issue.

It is ordered that the petition currently filed be and it is hereby denied without prejudice. The clerk shall enter judgment accordingly.

It is further ordered that copies of this Memorandum be mailed to the parties named herein; in addition, a copy shall be mailed to the office of the United States Attorney for this District.