## No. 25643

The People of the State of Colorado ex rel. Fred C. Wyse, Acting Warden, Colorado State Penitentiary, Canon City, Colorado v. The District Court in and for the Twentieth Judicial District and The Honorable John B. Barnard, a judge thereof

(503 P.2d 154)

Decided October 30, 1972. Rehearing denied December 4, 1972.

Stanley F. Johnson, District Attorney, Ralph S. Joseph-sohn, Deputy, for petitioner.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, William D. Neighbors, Assistant, William R. Gray, Deputy, for respondents.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

This original proceeding was initiated by the district attorney, seeking to prevent the Boulder district court and the Honorable John B. Barnard, a judge thereof, from proceeding further in a habeas corpus proceeding. The habeas corpus petition was identical to a motion for relief under Crim. P. 35(b) that had been denied by Judge Rex Scott of the same district court. We issued a rule to show cause.

The record reflects a blatant case of judge-shopping. It is difficult for us to comprehend how one judge of a district court could elect to conduct a separate hearing when presented with a petition seeking, on the same grounds, the relief that had just been denied by a different judge of the same court. The problem is magnified by the fact that Judge Scott's order had been appealed to and is presently pending before this Court. *People v. Summit,* Supreme Court No. 25608.

■ A factual resume of the occurrences in the district court makes it abundantly clear why we must declare that Judge Barnard abused his discretion in proceeding with a hearing on issues that had been finally determined by another district judge and were subject to review by this Court. Under the circumstances, the petition for writ of habeas corpus should not have been granted by Judge Barnard.

Arron Ray Summit was convicted in the Boulder district court of the crime of possession of marijuana, C.R.S. 1963, 48-5-2, and was sentenced to the penitentiary. *Pro se,* he filed a petition for a writ of habeas corpus in the Boulder district court alleging that the statute which provided the basis for his conviction was unconstitutional and specifically seeking to have Judge Barnard determine the merits of his petition. Judge Barnard ordered the petition docketed and appointed the public defender to represent Summit. The public defender withdrew the petition for habeas corpus and filed it as a motion for post-conviction relief under Crim. P. 35(b), in order to comply with Crim. P. 35(d). The motion for post-conviction relief was heard by Judge Rex Scott and was denied. The denial of post-conviction relief by Judge Scott has been appealed to this Court. Thereafter, the public defender refiled the petition for habeas corpus, realleging the same grounds for relief, and again presented the petition to Judge Barnard. Judge Barnard issued a writ of habeas corpus on the same day that the record on appeal of the Crim. P. 35(b) proceeding was filed in this Court. The district attorney prepared a return to the writ of habeas corpus setting forth the denial of Summit's Crim. P. 35(b) motion and alleging that the matters raised in the petition for habeas corpus were *res judicata.* Judge Barnard denied the motion and proceeded to hear evidence. Thereafter, the district attorney petitioned for a writ of prohibition in this Court.

■ Before proceeding to the main issue, we must remark on the impropriety of addressing the petition to a specific judge. Petitions should be addressed to the district court, not to an individual judge, because the power to act is the court's, not the man's. *Department of Public Works v.*

*Legg,* 374 Ill. 306, 29 N.E.2d 515 (1940). There is a special provision allowing application to a single judge when the court is in vacation, C.R.S. 1963, 65-1-1, which derives from the extraordinary nature of habeas corpus as a mainstay of our freedom under law. Except in vacation, it is unseemly to address a petition to particular judge. *Stilley v. Tinsley,* 153 Colo. 66, 385 P.2d 677 (1963), is not authority to the contrary.

## I.

 The great writ of habeas corpus is guaranteed by both the Constitution of the United States and the Constitution of Colorado. U.S. Const., art. I, § 9; Colo. Const., art. II, § 21. It may not be suspended unless "in cases of rebellion or invasion, the public safety may require it." *Id.* In Colorado, it may be sought in the Supreme Court or any district court. "Any person has the absolute and unconditional right to seek the writ . . . ." *Stilley v. Tinsley, supra.* Since it is the great writ of freedom in Anglo-American jurisprudence, it is not to be hedged or in anywise circumscribed with technical requirements. *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

 Although the privilege of the writ of habeas corpus is constitutionally guaranteed, the procedural mechanism for its exercise may change. The Federal counterpart of Crim. P. 35(b), 28 U.S.C. § 2255, has been held to be at least as broad as habeas corpus, affording the same remedies in a more convenient forum. *United States v. Hayman,* 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952). The federal counterpart of Crim. P. 35(d), which requires that the statutory procedure be pursued before habeas corpus is entertained,[1] has been held constitutional in several circuits. *E.g., Barrett v. Hunter,* 180 F.2d 510 (10th Cir. 1950); *see generally,* Wright, Federal Practice and Procedure (Criminal) § § 589-595.

 Our Crim. P. 35 is somewhat broader than 28

---

1. 28 U.S.C. § 2255. Section 2255 allows relaxation of this requirement if the statutory relief is inadequate or ineffective.

U.S.C. § 2255, and we now hold that it affords all remedies which are available through a writ of habeas corpus. *See Kinnell v. Crouse,* 384 F.2d 811 (10th Cir. 1967) (Kansas post-conviction statute modeled on § 2255 was an adequate substitute for habeas corpus). Therefore, a requirement that a prisoner must pursue his remedies under Crim. P. 35(b) before petitioning for habeas corpus does not constitute a suspension of the writ of habeas corpus.

## II.

A strict application of *res judicata* could have grave constitutional implications. *Sanders v. United States,* 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). The Supreme Court has held that *res judicata* cannot be strictly applied to federal habeas corpus because of the inherent nature and function of the writ. *Sanders v. United States, supra.*

In Colorado, we have declared that under the particular facts of the cases that were before us for review, *res judicata* applied to denial of discharge in habeas corpus proceedings. *Trujillo v. People,* 178 Colo. 136, 496 P.2d 1026 (1972); *Marshall v. ·Geer,* 140 Colo. 305, 344 P.2d 440 (1959). Even though we declared that the decisions in *Trujillo* and *Marshall* were predicated on *res judicata,* we have now concluded that a more accurate means of describing the reason for the result lies within federal case law.

The Supreme Court has announced that certain factual patterns justify denial of habeas corpus. In *Sanders v. United States, supra,* the Court said:

"Controlling weight may be given to denial of a prior application for federal habeas corpus or § 2255 relief only if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application." [373 U.S. at 15.] Each application for habeas corpus must be disposed of by the court by exercising sound discretion. *Sanders v. United States, supra; Salinger v. Loisel,* 265 U.S. 224, 44 S.Ct. 519, 68 L.Ed. 989 (1924). The principles announced in *Sanders v.*

*United States, supra,* dictate that we intervene to avert judicial chaos by preventing different judges in the same judicial district from reviewing, under the guise of habeas corpus, the actions of their brother judges. If Judge Scott was in error in denying Summit's motion for relief under Crim. P. 35(b), relief will be afforded on review by this Court and not by Judge Barnard.

The return to the writ of habeas corpus that Judge Barnard issued provided adequate notice that the issues had been determined by a judge of the same district court and were on appeal. *See* The *American Bar Association Standards for Criminal Justice Relating to Post-Conviction Remedies,* § 6.2.

 Post-conviction relief is grounded upon constitutional principles, but does not afford any person the right to clog our judicial machinery with repetitive post-conviction proceedings seeking relief on the same principles of law and the same factual claims. The *American Bar Association Standards for Criminal Justice Relating to Post-Conviction Remedies,* § 1.1, Unitary post-conviction remedy.

 Proceeding as Judge Barnard did to hear a writ of habeas corpus identical in form and in substance brings about useless duplication and unwarranted judicial confusion. Judge Barnard sought to judge another judge of the district court, which in and of itself is improper. *See Application of Galante,* 437 F.2d 1164 (3rd Cir. 1971) (To avoid circuit conflict, Third Circuit Court should not hear habeas corpus when Second Circuit would hear § 2255 motion); *Stein v. Willingham,* 268 F.Supp. 767 (D. Kan. 1967) (Tenth Circuit) (Kansas district court would not sit in review of Ninth Circuit). Such action has been long known to be improper because of the "[c]onfusion and vexatious litigation that would be likely to arise from so unwise a course in the administration of justice." *Kamp v. Kamp,* 59 N.Y. 212 (1874).

The rule is made absolute, and the petition for habeas corpus is denied.