MR. JUSTICE HODGES
delivered the opinion of the Court.
This is an original proceeding in which the petitioners seek relief in the nature of prohibition against respondent District Judge Johnson of the Thirteenth Judicial District of Colorado. Specifically, the petitioners request that the respondent district judge be prohibited from proceeding further, except to enter an order of dismissal, in a criminal case in which the minor child petitioner is charged with vehicular homicide. We issued a rule to show cause and the parties have now filed briefs in response. We find no impropriety in the procedures followed here which would justify dismissal and we therefore discharge the rule.
The minor child petitioner was charged with vehicular homicide in the juvenile court of Phillips County in Holyoke, Colorado. At a transfer hearing held January 19, 1977, District Judge Earl A. Wolvington acting in his juvenile judge capacity granted permission to charge the child as an adult and instructed the prosecutor to file the criminal information with him. At the same time, Judge Wolvington granted the petitioner’s motion for change of venue because of pretrial publicity to Burlington in Kit Carson County. Phillips and Kit Carson counties are both in the Thirteenth Judicial District of Colorado.
Because of the change in the location of the court in which the case would be processed, it was reassigned to respondent District Judge *413 Johnson on January 21. Judge Wolvington on January 26 signed an order granting leave to file the information in Kit Carson County. The following notation in the judge’s handwriting appears on the order: “Filed January 26, 1977, Earl A. Wolvington, Judge.” The order and information arrived at the district court in and for the county of Burlington on January 27 and were filed by the clerk the same day. The Thirteenth Judicial District consists of seven counties. For the convenience of witnesses, parties and attorneys, judges of that district routinely file papers at one location when the case will be handled at another location in the future.
Petitioners argue that Judge Wolvington was without jurisdiction to file the information after he granted petitioner’s motion to change venue. They also contend that because Judge Wolvington lacked such jurisdiction, the information was not timely filed since the district court clerk in Burlington did not receive and file the information until six days after the order to transfer was made. Rule 25(e) of the Colorado Rules of Juvenile Procedure (C.R.J.P.) requires that a criminal information be filed within five days after the written order of waiver of jurisdiction by the juvenile court has issued, or the juvenile court retains jurisdiction. Petitioners’ motion to dismiss the case on these grounds was denied by respondent Judge Johnson, and petitioners then brought this original proceeding.
Transfer proceedings are provided for under section 19-3-108, C.R.S. 1973 of the Colorado Children’s Code and are therefore governed by C.R.J.P. and by the Colorado Rules of Civil Procedure if there is no applicable rule of juvenile procedure. C.R.J.P. 1. Since there is no C.R.J.P. rule outlining the method of filing a criminal complaint after a transfer hearing other than specifying that the filing shall be made in the “criminal division of the district court,” C.R.C.P. 5(e) governs the method of filing:
“Filing with Court Defined. The filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with him, in which event he shall note thereon the filing date and forthwith transmit them to the office of the clerk.”
Procedural rules are to be “liberally construed to secure the just, speedy, and inexpensive determination of every action.” C.R.C.P. 1. The interests of expedition and economy are well served by permitting judges to accept papers for filing, particularly in judicial districts, like the Thirteenth, which cover a large area of the state.[1]
*414 Judge Wolvington had both criminal and juvenile jurisdiction in this judicial district and therefore could properly accept the information for filing in the criminal division even though the case had been reassigned to another judge at another location within the judicial district. The fact that a judge is not currently assigned to a particular case does not impair his power, as an officer of the court, to accept papers for the purpose of filing them in that court. See Robinson v. Waterman, S.S. Co., 1 F.R.D. 51 (D.N.J. 1947). Filing is a ministerial task which a judge may undertake. See International Business Machines Corp. v. Edelstein, 526 F.2d 37 (2d Cir. 1975) (F.R.C.P. 5(e), which is identical to C.R.C.P. 5(e), obligates a judge to file papers he receives and to transmit them forthwith to the clerk); Sprott v. Roberts, 154 Colo. 252, 390 P.2d 465 (1964) (judge’s failure to transmit papers to clerk as required by 5(e) not to be held against party filing them). Here, Judge Wolvington complied with the statutory command to note the filing date and to “forthwith transmit” the complaint and order permitting the filing in the district court of Kit Carson County, thus insuring the orderly recording of the court’s actions.
The minor child petitioner and attorney were present at the transfer hearing when Judge Wolvington directed the prosecutor to file the criminal information with him. The minor child was in no way prejudiced by Judge Wolvington’s acceptance of the papers for filing. Our interpretation of this rule alleviates the hardships created by the distances involved in the Thirteenth Judicial District. Because judicial economy and expeditious treatment are furthered by this interpretation, and because the minor child was in no way prejudiced by its application here, respondent Judge Johnson properly denied the petitioners’ motion to dismiss the charge.
The rule is discharged.

Apparently, the rule was intended to cover cases in which a hardship would result if action were delayed by filing first with the clerk, as when a temporary restraining order is sought. 2 Moore Federal Practice ¶5.11 (2d Ed. 1977). However, Moore’s comments on rule 5(e) also contemplate the application of the rule to last minute filings:
“To avoid any difficulty, where there is a question of filing within a prescribed time, filing should be made by personal delivery to the clerk or the judge.