No. 79SA406

**Connie A. McGraw, formerly Connie A. Kronkow v. The District Court in and for the First Judicial District of the State of Colorado, and The Honorable Joseph P. Lewis, One of the Judges Thereof**

(601 P.2d 1383)

Decided November 5, 1979.

John Kokish, P.C., for petitioner.

Robert Bugdanowitz, P.C., for respondents.

*En Banc.*

JUSTICE DUBOFSKY delivered the opinion of the Court.

In this original proceeding, petitioner requests a writ of prohibition directing the respondent district court to vacate an order changing custody of petitioner's daughter without a prior investigation and evidentiary hearing. We issued a rule to show cause, stayed the district court's order, and now make that rule absolute.

Petitioner Connie McGraw (mother) was formerly married to Gary D. Kronkow (father). Their divorce decree, granted on August 20, 1976, incorporated a separation agreement executed by both parties. The agreement included the following paragraph relating to the custody of their only child, Charla Deeann Kronkow, then age three:

"8. Husband to have custody of the minor child Charla Deeann Kronkow, Wife to have unlimited visiting rights with the following provisions established: Child spends her nights with Wife, attends pre-school during the days and spends the afternoons with the Husband; week-ends are alternately spent with the Husband and the Wife. This arrangement shall continue and neither party shall pay child support to the other. Husband shall pay the pre-school tuition and receive State and Federal Income Tax deduction for the child."

Pursuant to this agreement, an established routine permitted each parent to spend time with the child. The father picked her up from pre-school when he left work in Denver early in the afternoon; the mother finished work late in the afternoon and retrieved her daughter then. The parents alternated week-end custody. The arrangement worked smoothly as long as both parents lived in the same general neighborhood.

In December, 1978, the father moved to a home at the end of a dirt road eight miles beyond Conifer. The routine continued for the remainder of the school year. The father picked the child up from kindergarten and drove her to his home in the afternoon; after work, the mother drove to the mountains to pick the child up. Thus, the child and her mother spent almost two hours a day en route from Denver to Conifer and back accomodating the father's move to the mountains.

In late summer, 1979, the mother decided that the daily drives to Conifer were too much of a burden. She suggested an informal modification of the custody terms of the separation agreement. The father responded by filing a motion for a temporary restraining order *ex parte,* requesting the court to prevent the mother from enrolling the child in first grade in Denver and permitting him to enroll her in school in Conifer. The court refused to hear the motion *ex parte* and set a hearing for August 29. Before that hearing both parents filed motions for change of custody; hearing on them is set for November 21.

On August 29, at the hearing on the motion for a temporary restraining order, the court permitted counsel to make statements but did not take any evidence. The court on August 31 issued an order directing the father to retain custody and granting the mother visitation rights on alternate

weekends. The mother petitioned this Court, asking that the respondent district court be prohibited from making any custodial change without a custodial investigation and testimony on the effect of such change.

The trial court erred in not taking evidence at the hearing on August 29. The court's order of August 31 indicates that it only considered the technical grant of custody to the father in the decree of August, 1976, and did not consider the substance of the custody agreement between the parents. The mother, under what was termed unlimited visiting rights, essentially had physical custody of the child since the child spent her nights with her mother and attended school from her mother's home. The father exercised his custody during the afternoon and on alternate weekends. On the basis of the papers before the court, it was clear that the father was seeking a modification of custody as granted in the original decree.

A change in physical custody is tantamount to a modification of custody as provided in section 14-10-131, C.R.S. 1973. In *Fanning v. Warfield,* 252 Md. 18, 248 A.2d 890 (1969), the court held that an order which directed that a son be sent to school where he would live with the father amounted to a change of custody when the mother had been granted custody of the children under a prior order. Even though "technical custody" remained with the mother, the physical custody would be changed. The court found that this was a modification of custody. *See also Carroll v. Carroll,* 64 Ill.App.3d 925, 21 Ill.Dec. 713, 382 N.E.2d 7 (1978).

Since the motion for a temporary restraining order was, in effect, a motion for modification of the original custody decree, the court should have followed the procedures outlined in sections 14-10-131, and 132, C.R.S. 1973. Affidavits of the parties should have been requested and a hearing held if the requirements of section 14-10-132 were met. To consider and grant the motion solely on the basis of the pleadings filed without taking evidence was an abuse of discretion. *See Smith v. Smith,* 172 Colo. 516, 474 P.2d 619 (1970). Moreover, the order issued by the court lacks the findings and conclusions necessary to an order determining custody. *Cacic v. Cacic,* 164 Colo. 103, 432 P.2d 768 (1967). *See also Motes v. Stanton,* 237 Ga. 440, 228 S.E.2d 831 (1976).

Custody arrangements permitting both parents to play an active role in the care of the child are increasingly frequent. These are not simple custody cases. It is incumbent upon the court to carefully review the evidence to determine what effect its order will have on the relative rights of the parties as established by the original order.

The rule is made absolute.

JUSTICE LEE does not participate.