## No. 79SA180

**The People of the State of Colorado, and Robert L. Russel, District Attorney in and for the Fourth Judicial District, County of El Paso, State of Colorado v. The District Court in and for the Fourth Judicial District, County of El Paso, State of Colorado, and the Honorable John F. Gallagher, One of the Judges thereof**

(606 P.2d 450)

Decided February 11, 1980.

Robert L. Russel, District Attorney, Thomas A. Barnes, Jr., Deputy, for petitioners.

Cole, Hecox, Tolley, Edwards and Keene, P.C, W. Thomas Beltz, for respondents.

*En Banc.*

JUSTICE LEE delivered the opinion of the Court.

In this original proceeding, we issued a rule to show cause why respondent district court should not be prohibited from issuing its order denying the People's Motion to Vacate Juvenile Jury Trial and Order Transfer Hearing. We now discharge the rule.

On February 24, 1979, John Wyatt Johnson, a juvenile, was taken into custody for the alleged commission of acts which would have constituted first-degree assault if committed by an adult. At a detention hearing on February 26, 1979, the district attorney, citing Johnson's juvenile and adult records in Florida, and the fact that he was on adult probation there, moved for an increase of bond. The bond was increased to $5,000. Johnson was unable to make bond and remained in detention during the subsequent proceedings.

On March 5, 1979, a petition in delinquency was filed, alleging that Johnson had committed attempted first-degree murder and first-degree assault, and was a violent juvenile offender. No written request for transfer or waiver of juvenile court jurisdiction was filed with the petition.

On March 7, a review of Johnson's detention was conducted, at which time the district attorney orally informed the referee that the People intended to seek a transfer of the case to district court. This was reiterated at a later detention review hearing on March 16. At that time, the referee continued the case until March 21, and ordered the district attorney to make a final decision by that time as to whether a transfer hearing would be sought.

On March 21, the district attorney reaffirmed his intention to request a transfer hearing, but admitted he had not yet done so. The referee did not rule on whether there could still be a transfer hearing but did set the case for trial in juvenile court on April 16, 1979.

On March 30, the district attorney filed his Motion to Vacate the Juvenile Jury Trial and Order Transfer Hearing. After a hearing on April 10, 1979, the court denied the motion based on the history of the case and on the "obvious lack of any good cause for the late filing," as required by C.R.J.P. 8(e).

On the day scheduled for trial, April 16, the district attorney orally renewed his Motion for Transfer Hearing, pursuant to section 19-3-

106(4)(b), C.R.S. 1973 (1978 Repl. Vol. 8). The court again denied the motion.

The People then sought a writ of prohibition, contending that it has a right to seek the transfer of Johnson to district court under section 19-3-106(4)(b), which states:

"(4)   When the petition alleges a child fourteen years of age or older to be a delinquent child as defined by section 19-1-103(9), by virtue of having committed an act which would constitute a felony if committed by an adult, the court shall:

. . . .

"(b)   Upon request of the district attorney, continue the case for further investigation and a transfer hearing to determine whether the jurisdiction of the juvenile court over the child should be waived . . . ."

Respondent, on the other hand, contends that the People's failure to comply with the requirements of C.R.J.P. 8(e) resulted in waiver of the right to request a transfer hearing. C.R.J.P. 8(e) provides:

"A request for waiver of jurisdiction to the district court for criminal proceedings shall be in writing and filed with or included in the initial petition; provided that upon application to the court by the district or county attorney, and for *good cause shown*, a request may, in the discretion of the court, be filed at any time prior to the adjudicatory hearing." (Emphasis added.)

C.R.J.P. 8(e) requires that a request for a transfer hearing be in writing and filed with or included in the initial petition. The district attorney failed to follow that procedure, even though he was aware of facts which would allegedly support a transfer to district court. Johnson's juvenile and adult records in Florida were read to the juvenile referee during the February 26 hearing. At that hearing, and at two subsequent hearings before the referee on March 7, following the filing of the petition in delinquency, and on March 21, the district attorney informed the referee that he intended to file a request for a transfer hearing. Although the district attorney was ordered to file his request for transfer by March 21, it was not until March 30 that such a request was actually filed.

In the alternative, C.R.J.P. 8(e) grants the court discretion to permit filing of a transfer request at any time prior to the adjudicatory hearing, upon a showing of *good cause*. In the case here before us, the district court concluded that there was an absence of good cause to support the late filing by the People. The court found that the district attorney's office had failed to comply with the order of the juvenile court referee that, if it desired to file a request for transfer, it should do so by March 21. The court further found that the district attorney had failed to adequately demonstrate good cause for the People's failure to comply with the order.

There is no evidence in the record that the district court abused its discretion in denying the request, and we conclude that the court was

acting within its authority in denying the district attorney's untimely motion for a transfer hearing under the provisions of the statute.

The People contend, however, that C.R.J.P. 8(e) is in direct and irreconcilable conflict with the special statutory procedure provided in section 19-3-106(4)(b), C.R.S. 1973 (1978 Repl. Vol. 8), and that the statutory procedure supersedes juvenile court Rule 8(e). We do not agree.

■ Article VI, Section 21 of the Colorado Constitution specifically grants to the supreme court the power to make rules governing the practice and procedure in the courts of this state. Pursuant to this constitutional authority, the supreme court promulgated the Colorado Rules of Juvenile Procedure, which were reenacted July 31, 1975, and became effective August 1, 1975. The rules specifically "govern proceedings brought in the juvenile court under Title 19, C.R.S. 1973, as amended . . ." C.R.J.P. 1.

In *Stroh v. Johnson,* 194 Colo. 411, 572 P.2d 840 (1978), this court observed that transfer proceedings are governed by the Colorado Rules of Juvenile Procedure and by the Colorado Rules of Civil Procedure if there is no applicable rule of juvenile procedure. Moreover, we note that the Children's Code provides in section 19-1-107(1), C.R.S. 1973 (1978 Repl. Vol. 8), that the Colorado Rules of Juvenile Procedure shall apply in all proceedings under section 19-1-104 except section 19-1-104(2) (which concerns proceedings against adults). Additionally, section 19-3-108(2)(a) provides that the transfer hearing shall be conducted as provided in section 19-1-107. Thus, legislative recognition has been given to the rules of juvenile procedure adopted by this court.

We find the district attorney's argument that C.R.J.P. 8(e) has been superseded by the statute to be without merit.

The rule is discharged.

JUSTICE ERICKSON and JUSTICE LOHR concur in the result.