**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Terry ABEYTA, Defendant-Appellant.**

**No. 82CA0335.**

Colorado Court of Appeals, Division I.

Sept. 8, 1983.

Rehearing Denied Oct. 6, 1983.

Certiorari Denied Feb. 27, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sp. Asst. Atty. Gen., Maureen Phelan, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Linda Hotes, Deputy State Public Defender, Denver, for defendant-appellant.

METZGER, Judge.

Sentenced to a term of imprisonment beyond the presumptive range specified for second degree burglary, defendant Abeyta appeals seeking to have that sentence vacated and a sentence within the presumptive range imposed. We affirm.

The question to be decided is whether the trial court lost jurisdiction to impose sentence beyond the presumptive range when, after imposing such a sentence, it failed to transmit its written findings to this court within the time specified by C.A.R. 4(d)(1).

Abeyta was charged in November 1980 and pled guilty to one count of burglary on July 10, 1981. The trial court imposed a sentence of six and one-half years on September 28, 1981. That sentence was outside the presumptive range set by § 18–4–203, C.R.S. 1973 (1980 Cum.Supp.) and, therefore, required findings to be submitted to the Court of Appeals within seven days of entry of the judgment of conviction pursuant to C.A.R. 4(d)(1). However, § 18–1–105(7), C.R.S. 1973 (1980 Cum. Supp.) had been amended so that written findings were not mandatory for offenses committed on or after July 1, 1981. At the sentencing hearing, defendant requested that the court make written findings, but the court refused to do so, believing that the amended statute applied to any sentences imposed after July 1, 1981, whatever the date of the offense. At the time, both defense counsel and the court mistakenly assumed that the amendment applied not

only to the need for written findings but also to the necessity of transmission of findings to this court.

At the February 9, 1982, hearing on defendant's motion for reconsideration pursuant to Crim.P. 35(a) and (c), the trial court refused to modify the defendant's sentence but, recognizing its earlier oversights, prepared the requisite findings, *nunc pro tunc* the date of the original sentencing hearing, and transmitted them pursuant to C.A.R. 4(d)(1). This court approved defendant's sentence in *People v. Abeyta* (Colo. App. No. 82CA0191, March 11, 1982) (not selected for official publication).

Defendant contends that *People v. Maldonado*, 635 P.2d 240 (Colo.App.1981) requires the relief he seeks. That case is inapposite since, there, the issue was sufficiency of the requisite findings. Here, the issue is the timing involved in the transmission of the findings.

The trial court here did not lose jurisdiction by its initial oversight; it successfully corrected its judgment by its *nunc pro tunc* order of February 9, 1982. Because of the judicial preference for deciding criminal cases on the merits rather than on the basis of time limitations, deadlines such as the one in question are often held to be procedural requirements without jurisdictional significance, at either the trial or the appeals stage of a criminal action. *See People v. Moore*, 193 Colo. 81, 562 P.2d 749 (1977); *People v. Hallman*, 44 Colo.App. 530, 624 P.2d 347 (1980). This court has previously held that where findings made pursuant to § 18–1–105(7), C.R.S.1973 (1980 Cum.Supp.) are not timely made, the trial court may correct the oversight on its own motion and thereby comply fully with the statute. *People v. Cantwell*, 636 P.2d 1313 (Colo.App.1981).

In this case, the trial court's preparation and transmission of findings pursuant to C.A.R. 4(d)(1) was purely a ministerial act. *See Stroh v. Johnson*, 194 Colo. 411, 572 P.2d 840 (1978).

Defendant's sentence is affirmed.

PIERCE and BERMAN, JJ., concur.