778 F.2d 553
 Francisco Eugenio MARTINEZ, Plaintiff-Appellant,
v.
Fred M. WINNER, Chief Judge of the United States District
Court for the District of Colorado, individually and in his
official capacity; Joseph M. Dolan, United States Attorney
for the District of Colorado, individually and in his
official capacity; Susan Roberts, Assistant United States
Attorney, individually and in her official capacity; John
R. Barksdale, Assistant United States Attorney, individually
and in his official capacity; Dan Christopher, Assistant
United States Attorney, individually and in his official
capacity; Jan Chapman, Assistant United States Attorney,
individually and in her official capacity; United States
Department of Justice, a governmental entity; Federal
Bureau of Investigation, a governmental entity; "John Doe"
and other unnamed and unknown agents in the Denver Office of
the Federal Bureau of Investigation, individually and in
their official capacities; Matt Dunn, Deputy United States
Marshal, individually and in his official capacity; Peyton
Baer, Deputy United States Marshal, individually and in his
official capacity; Les Weisenhorn, Deputy United States
Marshal, individually and in his official capacity; City
and County of Denver, a governmental entity; Dale A.
Tooley, District Attorney for the City and County of Denver,
individually and in his official capacity; Castelar Garcia,
Jr., Deputy District Attorney, individually and in his
official capacity; City of Denver Police Department, a
governmental entity; Arthur Dill, Chief of Police,
individually and in his official capacity; Robert
Shaughnessy, Chief, City of Denver Police Department,
individually and in his official capacity; Robert
Nicoletti, Captain, Denver Police Department, individually
and in his official capacity; J.C. Tyus, Detective, Denver
Police Department; "John Does," and other unnamed and
unknown agents of the Denver Police Department; Sandy
Spencer and Peter Webb, Defendants-Appellees.
 No. 82-2110.
 United States Court of Appeals,
Tenth Circuit.
 Submitted Nov. 18, 1985.
Decided Nov. 29, 1985.
 
 Adele Graham of Graham & Graham, Denver, Colo., and David Graham of Graham & Graham, San Luis, Colo. (Dan Stormer of Litt & Stormer, Los Angeles, Cal., and James I. Meyerson, New York City, with them on brief), for plaintiff-appellant.
 Gary T. Cornwell of McGuire, Cornwell & Blakely, Denver, Colo., for defendant-appellee Winner.
 Mark B. Stern, Appellate Staff, Civil Div., Dept. of Justice, Washington, D.C. (Richard K. Willard, Acting Asst. Atty. Gen., Barbara L. Herwig, Dept. of Justice, Washington, D.C., and Robert N. Miller, U.S. Atty., Denver, Colo., with him on brief), for defendants-appellees Dolan, Roberts, Barksdale, Chapman, Christopher, Dept. of Justice, F.B.I., Dunn, Baer and Weisenhorn.
 Daniel J. Sears of Denver, Colo., for defendant-appellee Spencer.
 Jeffrey A. Chase of Holme, Roberts & Owen, Denver, Colo. (Carol H. Green of Holme, Roberts & Owen, Denver, Colo., with him on brief), for defendant-appellee Webb.
 David R. Brougham of Hall & Evans, Denver, Colo., for defendants-appellees Tooley and Garcia.
 John R. Flanders of Halaby & McCrea, Denver, Colo. (Theodore S. Halaby and Leslie L. Schluter of Halaby & McCrea, Denver, Colo., and Steven M. Munsinger of Keene, Munsinger & Stuckey, Denver, Colo., with him on brief), for defendants-appellees City and County of Denver, City of Denver Police Dept., Dill, Shaughnessy, Nicoletti and Tyus.
 Before LAY,* Chief Judge, and BRIGHT* and ARNOLD,* Circuit Judges.
 ARNOLD, Circuit Judge.
 
 
 1
 On August 22, 1985, we filed our opinion in this case, affirming in part and reversing and remanding for further proceedings in part. Martinez v. Winner, 771 F.2d 424 (10th Cir.1985). Three petitions for rehearing are now before us: One filed by J.C. Tyus, one filed by the United States Attorney for the District of Colorado and the Federal Bureau of Investigation, and one filed by Jan Chapman.
 
 
 2
 The petitions for rehearing filed by J.C. Tyus, the United States Attorney for the District of Colorado, and the Federal Bureau of Investigation are denied.[1]
 
 
 3
 The petition for rehearing of Jan Chapman is granted. On reconsideration, the Court vacates and sets aside that portion of its prior opinion reversing the judgment of dismissal of the complaint as to her. A new judgment will be entered affirming the District Court's dismissal with prejudice of the complaint as to Jan Chapman.
 
 
 4
 The complaint, which we must take as true for present purposes, alleged, p 127, I R. 25, that the defendant Chapman, an Assistant United States Attorney, filed an affidavit concealing and misrepresenting what had happened in Martinez's trial before Judge Winner, "for the purpose of defeating plaintiff's lawful efforts to claim a mistrial." We understood this allegation to refer to a submission made by Chapman "in some sort of bar disciplinary proceeding...." 771 F.2d at 438. Such a submission, we held, was outside the scope of prosecutorial immunity, because it was "not part of the presentation of the government's case nor of the judicial process," and did "not involve the role of the prosecutors as advocates." Ibid. The affidavit was instead, we believed, filed "for the personal benefit of ... [Chapman] to cover up [her] wrongdoings." Ibid.
 
 
 5
 Chapman's petition for rehearing, which is not contradicted in any material respect by Martinez's response to it, makes it clear that we were mistaken in our reading of the allegation made against her. In fact, the only statement to which p 127 of the complaint could be referring was filed by Ms. Chapman in the criminal prosecution itself, after the mistrial had been declared, in response to filings made by the defendant Martinez. The statements made in this filing may or may not be true, but they were made by a prosecutor in the course of her duties as such, and they are therefore entitled to absolute immunity for the same reasons given in our previous opinion with respect to the other alleged misdoings of the federal-prosecutor defendants. See 771 F.2d at 436-41. Nor is there any reason to hold Ms. Chapman in as a defendant with respect to plaintiff's claims for declaratory and injunctive relief. As we previously observed, [a]ny injunctive relief to which Martinez is entitled will be fully effective if directed against the current United States Attorney, who of course controls and supervises all of the Assistants." Id. at 439 n. 5.
 
 
 6
 Accordingly, our previous opinion is modified with respect to the defendant Jan Chapman. As to her, the judgment dismissing the complaint with prejudice in its entirety is affirmed. In all other respects rehearing is denied, and our previous opinion reaffirmed.
 
 
 7
 It is so ordered.
 
 
 
 *
 The Honorable Donald P. Lay, Chief Judge, United States Court of Appeals for the Eighth Circuit, and the Honorable Myron H. Bright and the Honorable Richard S. Arnold, United States Circuit Judges for the Eighth Circuit, sitting by designation
 
 
 [1]
 Mr. Tyus's petition is captioned "A Petition for Rehearing en Banc." To the extent that rehearing en banc was requested, his petition was submitted to all of the judges of this Court in regular active service, and an order was entered on October 10, 1985, in which they recused themselves from any consideration of this petition for rehearing en banc. The order read as follows:
 The court has received a petition for rehearing en banc filed September 20, 1985 by appellee J.C. Tyus. All of the active judges of this court earlier recused themselves and the Chief Justice of the United States on March 6, 1985 designated Chief Judge Lay and Circuit Judges Bright and Arnold of the Eighth Circuit "to perform duties as a panel of the Tenth Circuit in re: Francisco Eugenio Martinez v. Fred M. Winner, et al., No. 82-2110, and all judicial matters in connection therewith ..."
 The active circuit judges of this court have determined that they should, and do hereby, recuse themselves further from any consideration of the petition for rehearing en banc filed by appellee Tyus. We note that Rule 21 of the Rules of Court of the Tenth Circuit adopted November 13, 1972 provides in part that a hearing or "rehearing en banc may be ordered by a majority of the judges of this court who are in regular active service and who are not disqualified in the particular case or controversy ..." We observe further that in similar circumstances, in United States v. Isaacs, 493 F.2d 1124, 1168 (7th Cir.1974), cert. denied, 417 U.S. 976 [94 S.Ct. 3184, 41 L.Ed.2d 1146], the active judges of the Seventh Circuit did not act upon a petition for rehearing en banc and recused themselves and the matter was determined by the panel designated by the Chief Justice.
 Accordingly, this order of recusal is entered by all the active circuit judges of this court.
 The panel of designated judges has also considered Mr. Tyus's petition, and, as indicated in text, it is denied.