In re the MARRIAGE OF John Earl PERRY, Appellee,

and

Jennifer Ann Perry, Appellant.

No. 86CA1089.

Colorado Court of Appeals, Div. I.

April 14, 1988.

Maurice R. Franks, Denver, for appellant.

Case & Lacerte, Dennis A. Lacerte, Denver, for appellee.

METZGER, Judge.

The mother, Jennifer Anne Perry, appeals the trial court's order denying her motion for modification of custody. We affirm.

When their marriage was dissolved in 1983, the parties entered into a separation agreement awarding custody of their daughter to the father, with liberal visitation with the mother. The evidence established that, by the time of the modification hearing, the child spent about half the time with her mother, alternating three weeks with the mother and three weeks with the father. Finding that the father did not consent to a modification of custody, that the child had not been integrated into the mother's home with the father's consent, and that the child's environment did not endanger her physical health, or impair her mental health, the trial court denied the motion to modify custody.

On appeal, the mother contends that the trial court erred in concluding that the child had not been integrated into the mother's family with father's consent. We disagree. Under the standards set out *In re Marriage of Pontius*, —— P.2d —— (Colo. App. No. 87CA0441, March 31, 1988), the court properly concluded that such integration had not occurred.

Alternatively, the mother contends that the trial court should have applied the standard for modification of joint custody

set forth in § 14–10–131.5, C.R.S. (1987 Repl. Vol. 6B), because the parties had a *de facto* joint custody arrangement, notwithstanding the fact that the decree awarded sole custody to the father. We disagree.

The mother cites *McGraw v. District Court,* 198 Colo. 489, 601 P.2d 1383 (1979) in support of her contention. *McGraw* is inapposite, however, because it merely requires that procedural safeguards be applied to motions for change of custody. Such safeguards were applied in this case.

The decree provided for sole custody in the father, and the mother's motion was properly treated as one to modify sole custody. We hold that the mother's exercise of visitation rights, more extensive than the minimum provided by the decree, does not affect the applicable modification standard which is governed by the terms of the decree.

Judgment affirmed.

PIERCE and CRISWELL, JJ., concur.