The PEOPLE of the State of
Colorado, Complainant,

v.

John I. PERROTT,
Attorney–Respondent.

No. 88SA315.

Supreme Court of Colorado,
En Banc.

Feb. 27, 1989.

Linda Donnelly, Disciplinary Counsel, Denver, for complainant.

John I. Perrott, pro se.

ERICKSON, Justice, administered the Public Censure.

John I. Perrott, you appear before this Court to receive a public censure. After a disciplinary complaint was filed, you entered into a stipulation which sets forth the basic facts and the disciplinary violations you committed. After the stipulation was considered by the hearing board, a recommendation was made that you be publicly censured and assessed the costs of these grievance proceedings. The hearing panel approved the findings of fact and recommendations of the hearing board, and we approve the findings and recommendations and impose a public censure. However, we have decided not to impose the conditions that were recommended by the hearing board and the hearing panel.

I.

You were admitted to the bar of this court on April 14, 1964, registration number 6536. You are accordingly subject to the jurisdiction of this court and the Grievance Committee. The facts are summarized in the stipulation which you entered into with the Disciplinary Prosecutor.

In August 1986, Pamela J. Wilson, the complaining witness in the matter before the Grievance Committee, obtained counsel and filed for divorce in the Denver District Court. Her husband hired you as his attorney. On September 4, 1986, you filed a motion to change the venue to Weld County and your motion was granted. *Pamela J. Wilson and Theodore R. Wilson*, Case No. 86DR860, Weld County District Court. Thereafter, a hearing on temporary orders was set for November 25, 1986, and prior to the hearing a stipulation was made as to the temporary orders that would be entered by the court.

On January 24, 1987, Mrs. Wilson went to the marital residence in Milliken, Colorado to obtain some personal possessions. She alleged that while she was there, she was assaulted by her husband. She reported the incident to the Milliken Police Department and her husband was charged with assault. Mr. Wilson also reported the incident to the Milliken Police Department and Mrs. Wilson was charged with harassment.

On April 1, 1987, Mr. Wilson was tried in a bench trial by the town judge of Milliken and found not guilty. You were the town judge of Milliken and were the attorney for Mr. Wilson in the divorce proceedings. Mrs. Wilson testified that she had not met you and did not know that you were her husband's divorce attorney. R. Bruce Fickel, II, the town prosecutor, was unaware that you represented Mr. Wilson in the dissolution action. Accordingly, he did not seek to disqualify you and you did not

disclose that you were the attorney for Mr. Wilson.

On May 4, 1987, Mrs. Wilson's case was disposed by a deferred judgment and sentence. Fickel signed his consent to the deferred judgment and you did not sign the approval and order. On July 28, 1987, Mrs. Wilson appeared for the dissolution and final orders hearing. She recognized you at that time as the same person who had presided over her husband's assault trial.

The conflict issue was brought to your attention by the Disciplinary Prosecutor before you entered an order for a deferred judgment and, as a result, harassment charges against Mrs. Wilson were not finalized until March 1, 1988. You undertook to have the city council appoint an alternate municipal judge who was appointed and signed the deferred judgment on March 1, 1988, effective May 6, 1987.

## II.

Your conduct violated C.R.C.P. 241.6 relating to the discipline of attorneys, and also violated the Code of Professional Responsibility, DR 1–102(A)(1) (violation of a disciplinary rule) (ABA Model Rule 8.4(a)), and DR 1–102(A)(5) (engaging in conduct that is prejudicial to the administration of justice) (ABA Model Rule 8.4(d)). You testified that had Mrs. Wilson's criminal matter come before you for trial, you would have dismissed the case based upon the evidence presented at Mr. Wilson's earlier trial.

Your testimony during the hearing indicates that you do not understand the appropriate role for a judicial officer. You stated that you thought everybody knew that you represented Mr. Wilson, ignoring the fact that it is inappropriate for a judge to place the burden for disqualification on his clients or on other persons. It is the role of an attorney-judge to promptly disclose conflicts of interest and to disqualify himself without suggestion from any party or person. By way of mitigation, the evidence adduced demonstrates that you were first admitted to practice law in Virginia in 1961, and that since you were admitted in Colorado in 1964, you have had an unblemished record. Since 1984, you have served as a municipal judge for the town of Milliken, and have been paid $100 per month for your services. You are the only attorney providing legal services for that community and the adjoining town of Johnstown, Colorado. You have admitted that your conduct was "really stupid," and the board concluded that your actions were not malicious nor motivated by greed, but were the acts of a person who did not think of his ethical obligations and the disciplinary rules.

Accordingly, you are publicly censured, and ordered to pay the costs of this proceeding in the amount of $382.48 to the Supreme Court Grievance Committee, 600–17th Street, Suite 500S, Denver, Colorado 80202, within thirty days from the date of the announcement of this opinion.