The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Rodney B. PROFFITT, Defendant–
Appellant.

Nos. 92CA0816, 92CA1841.

Colorado Court of Appeals,
Div. V.

Nov. 4, 1993.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., and Mark W. Gerganoff, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Rodney B. Proffitt, pro se.

Opinion by Judge DAVIDSON.

Defendant, Rodney B. Proffitt, appeals from the trial court order denying his motions for issuance of contempt citations against Thomas A. Goldsmith, former district court judge, and Joyce Gray, clerk of the combined courts in and for the county of Gunnison. We affirm in part and dismiss in part.

This proceeding arises out of an order issued by Goldsmith in a criminal case in which Proffitt was a defendant. Several preliminary reports concerning Proffitt's mental and emotional condition had been entered into evidence during a probation violation hearing. Because of the personal nature of the reports, Proffitt's counsel moved to have the documents sealed. Goldsmith granted this motion and ordered that they were to be sealed in an envelope and were not to be disseminated until further order of the court.

Several years later, Goldsmith issued a minute order declining to recuse himself from presiding in Proffitt's dissolution of marriage case. Taking judicial notice of the files in the criminal matter, he specifically indicated in the minute order that Proffitt had been diagnosed with several mental and emotional disorders.

Proffitt then filed a motion to issue a contempt citation against Goldsmith, in the criminal case, for "abusive and capricious" violation of the order sealing the documents. Goldsmith recused himself from the criminal case and another judge was appointed to hear the contempt matter. The trial court denied the contempt motion in a written order.

Proffitt then filed a motion to issue a contempt citation against Joyce Gray, the clerk of the combined courts, also for violation of the order sealing the documents. The trial court denied that motion by written order as well.

Proffitt filed a separate notice of appeal regarding each of the requested citations and the two appeals have been consolidated.

I.

■ Proffitt first contends that the trial court abused its discretion by refusing to issue the contempt citation against Gray. We lack jurisdiction to reach this issue.

■ To obtain jurisdiction to punish for contempt outside the presence of the court, it is necessary for the trial court to issue a citation commanding the alleged offender to show cause why she should not be held in contempt for her behavior. *See Eatchel v. Lanphere,* 170 Colo. 545, 463 P.2d 457 (1970). On a charge of contempt, if the trial court does not find sufficient facts alleged to show that a contempt has been committed, the trial court is without jurisdiction to proceed further. *Fort v. People ex rel. Co-operative Farmers' Exchange,* 81 Colo. 420, 256 P. 325 (1927).

Here, the trial court found that the facts alleged by Proffitt were not sufficient to show that contempt had been committed. Thus, because the citation was not issued, it was without jurisdiction to reach a final determination on the merits. *See Cooper v.*

*People ex rel. Wyatt,* 13 Colo. 337, 22 P. 790 (1889).

Denial of a request to issue a contempt citation has been compared to dismissal of a complaint without prejudice for failure to state a claim. *See In re Marriage of Herrera,* 772 P.2d 676 (Colo.App.1989). Dismissal of a complaint without prejudice is generally not a final appealable order. *District 50 Metropolitan Recreation District v. Burnside,* 157 Colo. 183, 401 P.2d 833 (1965); *cf. B.C. Investment Co. v. Throm,* 650 P.2d 1333 (Colo.App.1982).

■ Entry of a final judgment is a jurisdictional prerequisite to the right to seek appellate review; in the absence of a final judgment the court must dismiss the appeal at its own instance. *Mission Viejo Co. v. Willows Water District,* 818 P.2d 254 (Colo. 1991).

Because, here, the record indicates that a contempt citation was never issued and therefore no final order or judgment has been rendered, we lack jurisdiction to proceed on appeal regarding the requested citation against Gray.

## II.

### A.

■ We reach a different conclusion, however, concerning Proffitt's appeal of the denial of his motion for contempt against Goldsmith.

■ When determining if an order is final for purposes of appeal, the legal effect of the order, and not merely the form, should be considered. *Levine v. Empire Savings & Loan Ass'n,* 192 Colo. 188, 557 P.2d 386 (1976). If an order has effectively terminated the proceeding in the court below, it should be treated as a final appealable order. *Cyr v. District Court,* 685 P.2d 769 (Colo. 1984).

Although the record also indicates that no contempt citation was ever issued against Goldsmith, the trial court did reach the merits of Proffitt's motion. The trial court found that, as a matter of law, it could not hold Goldsmith in contempt. Because Proffitt is unable to reinstate this motion by addition of further factual allegations or by correcting a procedural defect, we conclude that this order must be considered final for purposes of this appeal. *See Wilbourn v. Hagan,* 716 P.2d 485 (Colo.App.1986); *In re Marriage of Pratt,* 651 P.2d 456 (Colo.App.1982).

### B.

■ The trial court denied the motion to issue a contempt citation against Goldsmith, among other reasons, on the grounds that: "While an appellate judge can hold a judge of an inferior tribunal in contempt of an appellate ruling, a judge in a district court cannot hold a judge with parallel jurisdiction in contempt." Proffitt contends that, for several reasons, the trial court erred in determining that it had no authority to proceed against Goldsmith. We disagree.

### 1.

■ Superior courts, generally, by constitution or statute, are granted authority over inferior courts. *See State v. Hunt,* 1 N.J.L. 287 (Sup.Ct.1795); 4 W. Blackstone, *Commentaries* 284–5. Accordingly, the refusal of an inferior court to follow a superior court's order can constitute contempt of court. *See State ex rel. Schwartz v. Lantz,* 440 So.2d 446 (Fla.Dist.Ct.App.1983) (trial court refused to comply with stay issued by appellate court); *Young v. Young,* 130 Misc.2d 527, 496 N.Y.S.2d 317 (Sup.Ct.1985) (trial court's willful violation of stay of proceedings is contempt).

■ The corollary to this principle, however, is that, lacking appellate or supervisory authority over each other, courts have no jurisdiction to sanction other courts with parallel jurisdiction. *Cf. Hill v. Benevolent League of Colorado Travelers Ass'n,* 133 Colo. 349, 295 P.2d 231 (1956) (the jurisdiction of the district courts does not extend to the review of judgments entered by a court of coordinate jurisdiction).

This is true whether the issue is between courts of different judicial districts or between individual judges sitting in the same judicial district. *See generally* §§ 13–5–131 through 13–5–133; §§ 13–6–216 and 13–6–

217; and §§ 13–8–112 and 13–8–113, C.R.S. (1987 Repl.Vol. 6A); *Pipkin v. Brittain*, 713 P.2d 1358 (Colo.App.1985) (being only of co-ordinate jurisdiction, a district court judge lacks the power to determine the validity of judgments entered by a judge of another judicial district); *People ex rel. Wyse v. District Court*, 180 Colo. 88, 503 P.2d 154 (1972) (by proceeding to hear a writ of habeas corpus after another judge of the same judicial district had denied post-conviction relief, district court judge improperly sought to judge another judge).

Thus, the district court judge here can sit for Goldsmith as a successor trial court, *see Gonzales v. District Court*, 629 P.2d 1074 (Colo.1981), but such court has no authority to hold Goldsmith, acting as a district court judge, in contempt of court.

Proffitt argues that, by this result, judges effectively can be insulated from consequences of deliberate violations of judicial orders. We disagree.

First, insofar as Goldsmith cannot be sanctioned in this manner by another district court judge, we note that jurisdiction is created by constitution or statute, not by this court. *See Saunders v. Norton*, 98 Colo. 537, 58 P.2d 482 (1936); *Sanchez v. Straight Creek Constructors*, 41 Colo.App. 19, 580 P.2d 827 (1978).

Secondly, for reasons grounded in public policy, judges historically have been insulated to some extent from the consequences of their actions. *See McPhail v. Wyand*, 68 Colo. 593, 192 P. 496 (1920) (a judge may not be charged with personal liability for an erroneous judgment); *Casserleigh v. Malone*, 50 Colo. 597, 115 P. 520 (1911) (district court judges are not liable in suits for damages for official acts); *Van Sickle v. Holloway*, 791 F.2d 1431 (10th Cir.1986) (federal court judges enjoy absolute personal immunity for official acts even when erroneous, malicious, or in excess of judicial authority); *Martinez v. Winner*, 771 F.2d 424 (10th Cir.), *modified on other grounds*, 778 F.2d 553 (1985) (being forced to litigate matters arising from official actions would inevitably distract judges from their primary duty of deciding cases).

Third, as we have noted, a judge is always subject to the applicable authority of superior courts and, if appropriate, judicial oversight committees. *See Colorado Rules of Judicial Discipline* 1(b), 5, and 12; §§ 13–5.5–101 to 13–5.5–109, C.R.S. (1993 Cum. Supp.) (establishing state and district commissions on judicial performance); Colo. Const. art. VI, § 23(3)(d) (a judge may be removed or disciplined "for willful misconduct in office" by the commission on judicial discipline); *In re Inquiry Concerning Jones*, 728 P.2d 311 (Colo.1986); *In re Inquiry Concerning Lichtenstein*, 685 P.2d 204 (Colo. 1984); *see also In re Mattera*, 34 N.J. 259, 168 A.2d 38 (1961).

### 2.

Moreover, we reject Proffitt's contention that absent the ability to pursue a contempt action, he is without recourse as to the order complained of.

"[A judge is] not subject to contempt citations solely by reason of acting in excess of [his or her] jurisdiction, or by entering an erroneous ruling...." *State ex rel. Schwartz v. Lantz, supra*, 440 So.2d at 450. What Proffitt complains of here—Goldsmith's alleged use of information in a subsequent order which he had previously ordered sealed—was a modification, not a "violation" of his prior order.

■ A trial court clearly possesses the authority to modify, amend, or alter its previous orders. *See Thompson v. McCormick*, 169 Colo. 151, 454 P.2d 934 (1969); *DeLaMater v. Graves*, 69 Colo. 255, 193 P. 552 (1920). Proffitt's concerns notwithstanding, such modification is, of course, always subject to challenge as erroneous, an abuse of discretion, or in excess of jurisdiction. *See McGraw v. District Court*, 198 Colo. 489, 601 P.2d 1383 (1979); *Murphy v. Colorado Aviation, Inc.*, 41 Colo.App. 237, 588 P.2d 877 (1978).

If he believed Goldsmith to be in error, or to have acted capriciously, Proffitt's appropriate recourse was not to seek a contempt ruling, *cf. Smith v. Phelps*, 94 Colo. 33, 28 P.2d 1004 (1934), but a motion to strike any confidential information from the subsequent

minute order. If Goldsmith then had denied the motion, Proffitt could have sought appellate review of that order. In fact, we note that Proffitt did just that in his successful appeal of Goldsmith's refusal to recuse in his dissolution of marriage case. *See In re Marriage of Proffitt,* (Colo.App. No. 91CA1496, December 3, 1992) (not selected for publication).

### C.

Proffitt further contends that, even if Goldsmith's actions may not be sanctioned by a district court as a violation of a court order, Goldsmith nonetheless acted maliciously to deprive Proffitt of his due process rights by intentionally refusing to follow the Colorado Rules of Evidence and proper procedure to determine the relevancy of the sealed information to Proffitt's motion for recusal before revealing the information. He argues that jurisdiction is expressly granted to the district court to sanction such misbehavior of an "officer of the court" by issuance of a contempt citation, because "officer of the court" as it is used in C.R.C.P. 107(a), includes judges. Even if we were to assume that such jurisdiction could be conferred by way of a rule of civil procedure, we do not agree that the language of the rule supports Proffitt's interpretation.

Several Colorado statutes differentiate between "the court," or "judicial officers," and "officers of the court." *See* § 18–3–203(1)(f), C.R.S. (1993 Cum.Supp.) (providing mandatory sentence for second degree assault committed, while in custody, against "a judge of a court of competent jurisdiction, or an officer of said court"); § 13–16–102, C.R.S. (1987 Repl.Vol. 6A) ("it is the duty of the court, on motion of the defendant or any officer of the court" to order a plaintiff to post a cost bond in certain circumstances); § 17–22.5–404(3)(a)(V), C.R.S. (1993 Cum. Supp.) (whether the "offender's conduct was directed at an active officer of the court or at an active or former judicial officer," is a factor to be considered when the offender applies for parole).

Colorado case law also observes this distinction. *See People v. District Court,* 632 P.2d 1022 (Colo.1981) (while a district attorney is an officer of the court, he or she is not a judicial officer). The term "officer of the court" has been used to refer to attorneys, and also to receivers, investigators, and others who are acting as employees of the court. *See People v. Schultheis,* 638 P.2d 8 (Colo. 1981); *Saucerman v. Saucerman,* 170 Colo. 318, 461 P.2d 18 (1969); *Good Shepherd Health Facilities, Inc. v. Department of Health,* 789 P.2d 423 (Colo.App.1989). Judges, on the other hand, are referred to as "the court" or as "judicial officers." *See People v. Perrott,* 769 P.2d 1075 (Colo.1989); *People v. Sandoval,* 733 P.2d 319 (Colo.1987).

Colorado law further distinguishes between those judges who are assigned to preside over a particular case in a trial court and those who, although also acting within their official capacity, are not assigned to that case. *See People v. Tippett,* 733 P.2d 1183 (Colo.1987) (a judge called as a witness in a case other than one in which he or she is presiding is not disqualified by his or her office from testifying); *see also Stroh v. Johnson,* 194 Colo. 411, 572 P.2d 840 (1978) (a judge not currently assigned to a case may nonetheless, as an officer of the court, accept pleadings for the purpose of filing).

We agree with Proffitt that the judicial officers of this state must be held to perform their duties in a manner above reproach and to avoid even the appearance of impropriety in all activities. *See* Colorado Code of Judicial Conduct Canon 2; *People v. Tippett, supra.* We conclude, however, that the language of C.R.C.P. 107(a) referring to "officers of the court" does not include a judge who is presiding over the same case in which the alleged contempt has taken place.

Accordingly, the appeal of the order denying the motion for issuance of contempt citation against Gray is dismissed, and the order denying the issuance of contempt citation against Goldsmith is affirmed.

MARQUEZ and BRIGGS, JJ., concur.